[Civ. No. 3063.   Second Appellate District, Division One.—May 20, 1920.]

JOHN HALL, Respondent, v. THE PUENTE OIL COMPANY (a Corporation), et al., Appellants.

[1] NEGLIGENCE — DOCTRINE OF RESPONDEAT SUPERIOR — WHEN APPLICABLE.—The doctrine of *respondeat superior* cannot be invoked to hold the master liable for injury caused by the negligent act of a servant unless at the time of the negligent act causing the injury the servant was engaged in performing a service for the master or incidental thereto.

[2] ID.—AUTOMOBILE ACCIDENT—SCOPE OF EMPLOYMENT—EVIDENCE.—In this action against an oil company and one of its employees to recover damages for personal injuries sustained by plaintiff

---

2. Responsibility of owner when car being used by servant or another for his own business or pleasure, notes, 10 Ann. Cas. 732; 12 Ann. Cas. 972; Ann. Cas. 1914C, 1087; Ann. Cas. 1915D, 476; Ann. Cas. 1916A, 659; Ann. Cas. 1917D, 1001, 1008; Ann. Cas. 1918D, 241, 1134; 1 L. R. A. (N. S.) 235; 9 L. R. A. (N. S.) 1033; 14 L. R. A. (N. S.) 216; 21 L. R. A. (N. S.) 93; 26 L. R. A. (N. S.) 382; 33 L. R. A. (N. S.) 79; 37 L. R. A. (N. S.) 834; 47 L. R. A. (N. S.) 662; L. R. A. 1916A, 957.

Liability of owner where car is being used by borrower or hirer, note, 33 L. R. A. (N. S.) 81.

through having been struck by an automobile owned by the company and driven by such employee, the evidence showed that the accident happened after the duties of the employee to the employer had ended for the day and at a time when such employee was engaged in a mission the purpose of which was his own pleasure and which could have no possible connection with the duties which he owed to his employer.

[3] ID.—CONSENT OF EMPLOYER TO USE OF AUTOMOBILE — LIABILITY FOR DAMAGES.—The fact that the employee was using the automobile of his employer for his own purposes with the employer's consent would not render the latter liable for injuries resulting from the negligence of such employee.

[4] ID.—EXTENT OF INJURY — CAUSE — EVIDENCE — FINDINGS.—In this action against an oil company and one of its employees to recover damages for personal injuries sustained by plaintiff through having been struck by an automobile owned by the company and driven by such employee, the evidence was sufficient to support the findings of the trial court as to the extent of plaintiff's injury and that such injury was due to the negligence of the employee.

[5] ID.—SETTLEMENT AGREEMENT WITH PLAINTIFF—EVIDENCE—FINDING.—Notwithstanding that in a criminal proceeding growing out of the negligent act of such employee the judge had told him that he would have to make some reparation for the injury sustained by plaintiff and left the matter in the hands of the probation officer, who concluded that such employee could pay a given sum each month, which sum was paid for four months, the trial court, in such action, properly found that the parties had not entered into an agreement whereby such employee agreed to pay, and plaintiff agreed to accept, said sum per month for a given number of months in full settlement of his damages.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Reversed in part; affirmed in part.

The facts are stated in the opinion of the court.

H. W. Kidd, Perry F. Backus, and A. J. Verheyen for Appellants.

Hugh E. Macbeth for Respondent.

SHAW, J.—Defendants appeal from a judgment in favor. of plaintiff, awarded as damages for personal injuries.

Roberts was employed by his codefendant, whose place of business was in Los Angeles, as a traveling salesman of oil,

and, in the performance of his duty, which required him
to travel in Los Angeles and adjoining counties, the Oil Com-
pany provided him with an automobile and at all times fur-
nished the oil and gasoline necessary in the operation
thereof. His daily duties covered the period from 8 o'clock
A. M. to 5 o'clock P. M. With the consent of his employer,
Roberts used a garage at his home in Alhambra, wherein the
car was kept at night and when not in use. In addition to
his use of the car in traveling back and forth from his resi-
dence to the oil company's place of business in Los Angeles
he had the privilege, when not on duty to his employer, of
using it for pleasure rides and purposes of his own. On the
day of the accident he returned from Orange County to the
yard of the Oil Company at approximately 5 o'clock P. M.;
whereupon, his day's work being at an end, he, in his car,
came up town, in Los Angeles, where, at Fourth and Spring
Streets, he had an appointment to meet a friend at 7 o'clock,
who was to accompany him to a meeting of the lodge of
Elks in Alhambra. During the time between his arrival
uptown, at about a quarter after 5 o'clock, and 7 o'clock, at
which hour he met his friend, he wandered around town,
"loafing and taking a drink here and there." At 7 o'clock
he left Fourth and Spring Streets, Los Angeles, for the
lodge-rooms at Alhambra, and at First Street the automobile
operated by Roberts collided with plaintiff, who was thereby
injured.

Upon these facts the trial court found that it was untrue,
as alleged in the answer of defendant Puente Oil Company,
that John J. Roberts, at the time of said accident, was
operating the car on and about a mission of his own and not
within the course or scope of his employment as an employee
of said Oil Company, or in the performance of any act for
or on behalf of said Oil Company; and also found that "the
defendant John J. Roberts, while engaged within the general
scope of his said employment, carelessly and negligently
drove and operated the said Ford automobile, then and there
the property of the said Puente Oil Company."

In our opinion, appellants' challenge to these findings,
upon the ground that they are not supported by the evi-
dence, must be sustained. [1] It is apparent the trial
court, in making the findings, deemed the facts sufficient to
establish a case for the application of the doctrine of *re-*

*spondeat superior;* but this principle cannot be invoked unless at the time of the negligent act causing the injury the servant was engaged in performing a service for the master or incidental thereto. The doctrine rests upon the proposition that in doing the acts out of which the negligence arose, the servant was representing the master at the time and engaged in his business. As said in *Higgins* v. *Western Union Tel. Co.,* 156 N. Y. 75, [66 Am. St. Rep. 537, 50 N. E. 537]: "Beyond the scope of his employment the servant is as much a stranger to his master as any third person, . . . And if the servant step aside from his master's business, for however short a time, to do an act not connected with such business, the relation of master and servant is for the time suspended, and an act of the servant during such interval is not to be attributed to the master." "The test," says the court in *Chamberlain* v. *California Edison Co.,* 167 Cal. 500, [140 Pac. 25], "is, whether the act was done in the prosecution of the business in which the servant was employed to assist." To the same effect, see *Gousse* v. *Lowe,* 41 Cal. App. 715, [183 Pac. 295]; *Brown* v. *Chevrolet Motor Co.,* 39 Cal. App. 738, [179 Pac. 697]; *Stephenson* v. *Southern Pacific Co.,* 93 Cal. 558, [27 Am. St. Rep. 223, 15 L. R. A. 475, 29 Pac. 234].

[2] Clearly, Roberts was not engaged in the performance of any duty which he owned to his employer. Since the garage in which he was accustomed to keep the automobile was at his home, the taking of the car from his place of employment to such garage would have been an act within the scope of his employment. (*Riordan* v. *Gas Consumers' Assn.,* 4 Cal. App. 639, [88 Pac. 809].) The evidence, however, shows that he was not operating the car with a view of reaching such destination; and while the testimony shows that he might have accepted an order for the delivery of oil by his employer at any time or place, he owned no duty to his employer so to do and was not seeking such sales and did not take any orders on the day of the accident after 5 o'clock, when his duties to his employer ended for the day. Neither, in our opinion, does the fact that the employer supplied the gasoline and oil required in the operation of the car affect the question in the slightest degree. After 5 o'clock P. M. on the day of the accident his time was his own to use as he pleased, and he, likewise with the consent

of his employer, had the use of the car for his own purposes, and when the injury to plaintiff occurred he was engaged in a mission the purpose of which was his own pleasure and which could have no possible connection with the duties which he owed to his employer, any more than if he had taken the car on a holiday or Sunday for a pleasure ride for himself and family or upon a fishing trip.

[3] Respondent lays much stress upon the fact that the use of the car by Roberts for his own purposes was with the consent of the Puente Oil Company, his employer. At most, this was a mere lending of the car to him for his own use, as to which, says the court in *Brown* v. *Chevrolet Motor Co.*, *supra*, "it is uniformly held that the owner is not responsible for injuries resulting from the negligence of a driver whose only relation to the owner is that of a borrower"; in support of which the court cites Berry on Automobiles, sec. 684; *Hartley* v. *Miller*, 165 Mich. 115, [33 L. R. A. (N. S.) 81, 130 N. W. 336]; and *Segler* v. *Callister*, 167 Cal. 355, [51 L. R. A. (N. S.) 772, 139 Pac. 819]. We are unable to draw any distinction between a case where the use of the car by a servant for his own purpose is without the master's consent and that where such use is permissive. Carried to its logical conclusion, the contention of respondent, which was adopted by the trial court, would render the owner of a shotgun liable for the act of one to whom he had loaned it for use on a hunting trip and due to whose negligent use thereof he had shot another. Our conclusion, therefore, is, that the findings of which appellants complain are not supported by the evidence.

[4] Appellants also predicate error upon the insufficiency of evidence to support the finding whereby the injury to plaintiff was by the court attributed to the negligence of Roberts, and exonerating plaintiff from contributory negligence. An examination of the record discloses no merit in this contention. At most, the evidence presents a conflict from which, and the circumstances shown to exist, different inferences might be deduced, and hence the determination of the trial court thereon must be deemed conclusive. Neither is there the slightest merit in the contention that the finding as to the extent of plaintiff's injury is without support.

[5]  Both defendants alleged the making of an agreement between plaintiff and Roberts whereby the latter agreed to pay him fifteen dollars per month for a period of one hundred months, which plaintiff agreed to accept in full settlement of his damages, which allegation the court found to be untrue, but allowed upon the judgment rendered the sum of sixty dollars, which defendant had paid to another for plaintiff's benefit.  There is nothing in the evidence upon which to base a finding other than that made.  It appears from the evidence that plaintiff was not a party to any agreement touching the matter, but that in some criminal proceeding growing out of Roberts' negligent act, Judge Craig, before whom he appeared, told defendant that he would have to make some reparation for the injury sustained by plaintiff, and left the matter in the hands of the probation officer of the court, who, upon consulting Roberts and his wife and going over his income and his domestic expenses, concluded that he could pay plaintiff fifteen dollars a month, which sum, it seems, defendant paid for four months.  There was no writing executed between plaintiff and Roberts evidencing such agreement, and, since the same was to cover a period of one hundred months, it was not, in the absence of such writing, enforceable against Roberts.  (Sec. 1624, Civ. Code.)  In addition to all of this, the evidence touching the question is too vague and uncertain upon which to base a contract of such character.

As to the defendant Puente Oil Company, the judgment is reversed; and as to the defendant John J. Roberts, it is affirmed.

Conrey, P. J., and James, J., concurred.