[Civ. No. 4631.   First Appellate District, Division Two.—October 30, 1923.]

## ADOLPH C. WEBER, Respondent, v. WILEY B. ALLEN COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—PERSONAL INJURIES—OVERTURNING OF AUTOMOBILE—EMPLOYER AND EMPLOYEE—PURPOSE OF RETURN TRIP—DEFENSE—REFUSAL TO GIVE INSTRUCTION—EFECT OF.—In an action for damages for personal injuries caused by the overturning of an automobile owned by a corporation in which plaintiff was riding with an employee of said corporation, the accident occurring after plaintiff and said employee had stopped at a roadhouse on their return from a trip to see a person who plaintiff stated to said employee would be interested in purchasing a piano from said corporation, but whom, however, they were not able to locate, the corporation was deprived of a substantial right by the refusal of the trial court to give a requested instruction to the effect that if the jury believed that plaintiff and said employee went on said trip for the purpose of attending to business of the corporation, and for any reason afterward abandoned that business and went on a pleasure trip or entertainment of their own, and that subsequently the employee undertook to drive the plaintiff and another to their respective homes, and that he was so engaged at the time of the accident, then said employee was not, at the time of the accident, engaged within the scope of his employment and the corporation would not be liable, such instruction being directly in point as to one theory of the corporation's defense and the substance of said instruction not being given in any other part of the proceedings.

[2] ID.—QUESTION OF FACT—INSTRUCTION.—In such action, where to an instruction requested by the corporation declaring in substance that if at the time of the accident the employee was on business of the plaintiff or on a trip for their own pleasure the corporation would not be liable, even though the employee was using its automobile, the trial court added language to the effect that if the jury should find that the employee went on the trip to see the prospective purchaser on business of the corporation, then the return trip at the time of the accident was a part of the business trip of the corporation, and gave the requested instruction with such addition, the added language had the effect of charging the jury on a question of fact and taking from the jury its power to determine that question of fact.

APPEAL from a judgment of the Superior Court of Santa Clara County.   J. R. Welch, Judge.   Reversed.

The facts are stated in the opinion of the court.

Rea, Cassin & Caldwell for Appellant.

W. E. Foley and D. T. Jenkins for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover damages for injuries sustained in an automobile accident, judgment went for the plaintiff and Wiley B. Allen Company, a corporation, defendant, has appealed.

During the period of time involved in this litigation the plaintiff was engaged in soliciting life insurance for the New York Life Insurance Company. The Wiley B. Allen Company had a place of business at San Jose, where it was engaged in selling musical instruments, and the defendant W. Austin was the resident manager at San Jose in charge of the business of the defendant corporation. The defendant J. P. Bertlow was the owner of and operating an automobile on the highway leading from Gilroy to San Jose, and, as contended by the plaintiff, he was guilty of such negligence in the operation of his machine that he was partly responsible for the accident.

On June 25, 1921, the plaintiff stated to Mr. Austin that he knew of a man residing in the neighborhood of Morgan Hill, a small town in Santa Clara County, twenty miles south of San Jose, who would be interested in purchasing a piano. Thereupon the plaintiff and Mr. Austin arranged for a call on the prospective purchaser. Some time during that evening, variously recited as being between 7:30 and 9 P. M., the plaintiff and Mr. Austin took the automobile belonging to the defendant corporation and started on their trip. Miss Koenig, a friend of the plaintiff, accompanied them. The party drove down the highway to Morgan Hill and there they turned off on a mountain road and traveled that road a distance of five miles or thereabouts, and made three separate calls for the purpose of locating the prospective purchaser. That purchaser, the plaintiff said, was a Portuguese, but he did not recall the name. Neither did he recall the names of the persons on whom he called. At the last place at which the party called they were informed that the prospective purchaser lived about four miles to the

south. Thereupon the party stoppped their attempt that night to locate the purchaser. Later the party returned up the highway to a place where soft drinks and sandwiches were on sale, and which is referred to in the record as Kinkade's. At that place Austin separated from the plaintiff and his companion, and all of them remained at Kinkade's some time—the exact length of time being differently stated by the witnesses at from thirty minutes, or forty-five minutes, or even a longer period. The defendant Austin testified that he had two drinks of wine, and the plaintiff testified that he had no drinks but did have some sandwiches. The defendant Austin testified that a part of his purpose in stopping at Kinkade's was to interview Kinkade on the subject of purchasing a musical instrument. While the party was still at Kinkade's the automobile of J. P. Bertlow came up. As it came to a stop Miss Koenig ran out and asked Mr. Bertlow if he was going to San Jose and if he would take her, as she was in a hurry to get there. He asked her in reply how she got out there, and when he learned that she had gone out in another automobile he declined to interfere but at once drove on up the highway. As he proceeded up the highway he was traveling at thirty-five miles, or perhaps thirty-six or thirty-seven miles per hour, and his machine was traversing the middle line of the highway. When he was so traveling the automobile driven by the defendant Austin approached from the rear and attempted to pass on the left, and as it did so it was partly off of the highway, and in the attempt to right itself it swerved and turned over. In that accident the plaintiff Weber suffered the injuries which are the subject matter of this suit.

It is conceded by both parties that the defendant Austin had the right to drive the automobile of the defendant corporation for his own pleasure, or for the business of the corporation, and that the defendant Austin was accustomed at times, with the knowledge of the defendant corporation, to solicit business after ordinary business hours, and for that purpose to use the automobile belonging to the corporation. However, it was the theory of the defendant corporation that the trip on the evening of June 25th was not for the purpose of interviewing any prospective purchaser of a musical instrument, but was solely for the purpose of the entertainment of the occupants of the machine, and, moreover,

that if that contention be not wholly true, nevertheless that when the last call was made on the mountain road near Morgan Hill that the party then abandoned the business of the defendant corporation and started on a frolic of their own.

Many points are made by the appellant, but in view of the conclusion which we have reached of and concerning two of those points, it will not be necessary to discuss all of the points made by the appellant.

1. The appellant requested the trial court to give its instruction numbered XV, which is as follows:

"If you believe from the evidence in this case that the plaintiff and the defendant Austin went on the trip on June 25th, and left San Jose for the purpose of attending to business of the Wiley B. Allen Company, a corporation, and for any reason afterward abandoned that 'business and went on a pleasure trip or entertainment of their own, and that subsequently the defendant Austin undertook to drive said plaintiff and said lady guest to their respective homes in San Jose, and that he was so engaged at the time of the accident, then I instruct you that he was not, at the time of the accident, engaged within the scope of his employment, and under such circumstances the Wiley B. Allen Company, a corporation, would not be liable for any negligence of his, or for any tort that he might commit."

[1] The trial court refused to give the instruction and the appellant assigns the refusal as error. We think the appellant is correct in this contention. It will be observed that the instruction is directly in point as to one theory of the defense of the appellant. The same instruction, differently worded, or the same instruction in substance, was not given in any other part of the proceedings. The appellant was therefore deprived of a substantial right which was vital to its defense.

2. The defendant corporation asked the trial court to give an instruction which it numbered XIV. The trial court added a clause to the end of the instruction (which we have printed in italics), and then gave the instruction as follows:

"If a servant abandons or departs from the business of his master and engages in some manner suggested solely by his own pleasure or convenience, or pursues some object which relates to an end or purpose which may be said to be

a servant's individual and exclusive business, and while so negligently commits a tort, the master is not answerable although he was using his master's property, and although the injury could not have been caused without the facilities afforded to the servant by reason of his relations to the master.

"If the said plaintiff and the said defendant Austin, on the evening of June 25th, were on a trip for their own pleasure, or on the business of the plaintiff, and not on the business of the defendant Wiley B. Allen Company, a corporation, and at the time of the accident they were thus engaged, the plaintiff is not entitled to recovery against Wiley B. Allen Company, even though the injuries received by him were due entirely to the negligence and carelessness of the defendant Austin, and the defendant Austin at the time was driving and operating an automobile belonging to the Wiley B. Allen Company, *but if you should find that Austin went on the trip to Morgan Hill or vicinity on business of the Wiley B. Allen Company, then I charge you that the return trip at the time of the accident was a part of the business trip of the Company named."*

[2]  The appellant claims that the language added to the instruction by the trial court had the effect of charging the jury on a question of fact and taking from the jury its power to determine that question of fact.  One needs only read the language to see that it did have that effect.  The question as to whether the party departed from the master's business at any time during the evening of June 25th was the vital issue in the case as viewed by the appellant.  If it did so depart, did it later return to the transaction of the master's business, and if so when and where, were also vital questions touching the rights of the appellant.  When, therefore, the trial court stated to the jury that if the outward trip was on the business of the appellant that then the return trip was a part of the appellant's business, the trial court clearly took from the jury all power to answer that question.  The appellant claims that the question was a question of fact which had been placed in issue by the pleadings and was solely for the determination of the jury.  (26 Cyc. 1576; Mechem on Agency, sec. 1916.)  The respondent does not cite to us any authorities to the contrary.  We know of none.  In view of the refusal to give instruction

XV, the error in modifying instruction XIV was patently enhanced, and the whole charge, as given to the jury, took from the appellant the one substantial defense which the appellant was attempting to present.

The judgment is reversed.

Langdon, P. J., and Nourse, J., concurred.