[Civ. No. 2650.   Third Appellate District.—April 30, 1924.]

## KING H. LEE, Respondent, v. CHAS. P. NATHAN, Appellant.

[1] NEGLIGENCE—MASTER AND SERVANT—LIABILITY OF MASTER.—If the master is to be held responsible for the negligence of his servant, it must appear that in doing the act out of which the negligence arises the servant is representing the master at the time and is engaged in his business or in some act incidental thereto.

[2] ID.—PURSUIT OF PERSONAL ENDS—USE OF MASTER'S FACILITIES.— The master is not responsible for the negligence of his servant while the servant is pursuing his own ends, even though the injury complained of could not have been committed without the facilities afforded to the servant by his relation to his master.

[3] ID.—AGENCY—EVIDENCE—PERMISSIVE USE OF AUTOMOBILE—LIABILITY OF OWNER.—In this action to recover for damage caused to plaintiff's automobile as the result of a collision between it and an automobile owned by defendant, but which was at the time

1.  See 16 Cal. Jur. 1098; 18 R. C. L. 793.

2.  See 16 Cal. Jur. 1101; 18 R. C. L. 787.

3.  Liability of owner when car is being used by servant for his own business or pleasure, notes, Ann. Cas. 1915D, 476; Ann. Cas. 1916A, 659; Ann. Cas. 1918D, 1134; 47 L. R. A. (N. S.) 662; L. R. A. 1916A, 957.

See, also, 3 Cal. Jur. 865, 867; 16 Cal. Jur. 1105; 18 R. C. L. 813.

being driven by one of his employees, the evidence was insufficient to support the finding of the trial court that said employee was driving said automobile as the agent of defendant; and, conceding said employee had permission to use the automobile for his own convenience and accommodation, defendant was not liable for his negligence while it was being so used.

---

(1) 26 Cyc., pp. 1525, 1526, 1529.      (2) 26 Cyc., pp. 1535, 1536. (3) 26 Cyc., pp. 1537, 1575; 28 Cyc., p. 47.

APPEAL from a judgment of the Superior Court of Sacramento County. C. O. Busick, Judge. Reversed.

The facts are stated in the opinion of the court.

White, Miller, Needham & Harber for Appellant.

P. G. West for Respondent.

YOUNG, J., *pro tem.*—This is an appeal from a judgment entered in favor of plaintiff against the defendant Charles P. Nathan and his codefendant Leland R. Apperson in an action to recover for the alleged damage to plaintiff's automobile as the result of a collision between plaintiff's said automobile and a Packard automobile owned by defendant Nathan, and driven by his codefendant Apperson. The defendant Nathan appeals, and the only point urged by him for a reversal of the judgment is that the evidence is insufficient to support a certain finding of the trial court to the effect that at the time of the collision the defendant Apperson was driving the Packard automobile as the agent of the defendant Charles P. Nathan. The testimony touching this phase of the case was given by appellant, Apperson and one George Sellinger, Jr., all called as witnesses by plaintiff.

It appears from the evidence that Apperson had been in the employ of appellant as receiving clerk in appellant's department store in Sacramento for many years. In addition to this employment, for some three or four years prior to the time of the collision, Apperson had also been driving appellant's automobile when called upon by him to do so. Appellant also looked to Apperson to see that the automobile was kept in running order. The automobile was kept in a garage on "I" Street, between Fifth and Sixth Streets.

Appellant did not himself drive the car, nor did any member of his family. It was quite usual for Apperson to drive appellant to his home at 2027 "F" Street to lunch at noon, and also to dinner in the evening, and frequently, especially in pleasant weather, Apperson would, after getting his evening meal downtown or at his own home, return to appellant's home and take him driving around town for an hour or so. He also frequently drove him to club meetings in the evening, and to the theater. On several occasions when out late at night in the car after attending club meeting or the theater, appellant directed Apperson to drive by the garage where the car was kept and get one of the employees of the garage to go with them to take the car back to the garage after first taking appellant home, and then taking Apperson to his home at 3019 Fifth Avenue, in Oak Park, in the south part of the city of Sacramento. All the witnesses agree that this was done only when appellant was out as late as 10:30 or 11 o'clock at night. On other occasions when out riding in the evening, Apperson would, after taking appellant home, go to the garage and leave the car, or would himself ask one of the boys at the garage to go home with him and bring the car back to the garage. Appellant testified that he did not know of Apperson getting the boy on his own account to go home with him, and that he had never given him permission to do so. There is no testimony contrary to this statement.

On the evening of the accident Apperson had taken appellant for a ride and had left him at his home about 8 o'clock. He then drove the car to the garage. Apperson testifies that "after I saw the boy was not busy, I asked him to jump in and take me home." The boy got into the car and Apperson was driving in the direction of his home when the collision resulting in this action occurred at Twenty-first and "M" Streets. It is conceded by appellant that there is sufficient conflict in the evidence to justify the finding of the trial court to the effect that plaintiff's car was injured as the result of Apperson's negligence.

[1] If the master is to be held responsible for the negligence of his servant, it must appear that in doing the act out of which the negligence arises the servant is representing the master at the time, and engaged in his business or in some act incidental thereto. (*Hall* v. *The Puente*

67 Cal. App.—8

*Oil Company*, 47 Cal. App. 611 [191 Pac. 39]; *Higgins* v. *Western Union Telegraph Co.*, 156 N. Y. 75 [66 Am. St. Rep. 573, 50 N. E. 500]; *Chamberlain* v. *California Edison Co.*, 167 Cal. 500 [140 Pac. 25]; *Gousse* v. *Lowe*, 41 Cal. App. 715 [183 Pac. 295]; *Brown* v. *Chevrolet Motor Co.*, 39 Cal. App. 738 [179 Pac. 697].)

[2] The master is not responsible for the negligence of his servant while the servant is pursuing his own ends, even though the injury complained of could not have been committed without the facilities afforded to the servant by his relation to his master. (26 Cyc., p. 1536; *Stephenson* v. *Southern Pac. Co.*, 93 Cal. 558 [27 Am. St. Rep. 223, 15 L. R. A. 475, 29 Pac. 234]; *Brown* v. *Chevrolet Motor Car Company*, 39 Cal. App. 738 [179 Pac. 697]; *Kish* v. *California State Automobile Association*, 190 Cal. 246 [212 Pac. 27].)

In *Kish* v. *California State Automobile Association*, above cited, it is held that ''in determining whether or not a particular act was done in the course of the servant's employment, the act of the servant must be connected directly or indirectly with the business of the employer, and be in furtherance of the object for which the servant was employed. In other words, if the act is for the benefit of the employer, either directly or incidentally, the act is within the general scope of the servant's employment, but if the act performed is not in any way connected with the service for which he is employed, but for his own particular and peculiar purpose, then the act is not within the scope of the employment.''

[3] There is no conflict in the evidence as to the fact that Apperson was at the time of the accident driving the car for the sole purpose of conveying himself home from the garage where the car was kept. On the evening of the accident, the main object for which Apperson was employed was to take his employer riding. When the employer had finished his ride and had gotten out of the car at his home, the main object of Apperson's employment for that day had therefore been accomplished, and there then remained nothing further for him to do in the business of his employer as driver on that day, other than to take the automobile to the garage where it was to be housed for the night. When Apperson reached the garage with the car,

there then remained nothing further for him to do in the master's business. He was thereafter his own master and was free to go home or elsewhere according to his own peculiar pleasure or inclination, and, if he chose to go home, he was free to go by whatever means he elected. His use of his employer's automobile in going home did not spring from any duty that he owed to his employer. His employer could not be benefited directly or incidentally thereby. Respondent argues that from the fact that appellant had at times authorized Apperson to have a boy from the garage take him home that it can be inferred that a course of practice had been established from which it can be fairly implied that Apperson's use of the car on the evening of the accident was authorized by his employer. We think that no such inference can be reasonably drawn. Even if it is conceded that such an inference can be drawn, Apperson was nevertheless using the car at the time of the accident solely for his own convenience and accommodation, and the authority conferred by the master amounted only to the master's permission that he might use the car for his own ends and purposes, and when so using it he was not acting within the scope of his employment, and hence his master is not liable for his negligence. In the opinion of the court in the case of *Hall* v. *Puente Oil Co., supra,* it is said: "We are unable to draw any distinction between a case where the use of the car by a servant for his own purpose is without the master's consent and that where such use is permissive."

It is our opinion that the evidence is insufficient to support the finding that Leland R. Apperson was driving the Packard automobile at the time of the accident as the agent of the defendant Charles P. Nathan. We therefore think that the judgment should be reversed, and it is so ordered.

Plummer, J., and Finch, P. J., concurred.