[Civ. No. 5235.    First Appellate District, Division Two.—March 2, 1926.]

## DAISY GRISSIM, Respondent, v. A. C. BLUMENTHAL & COMPANY, INC., Appellant.

[1] NEGLIGENCE — ACTION FOR DAMAGES — EMPLOYER AND EMPLOYEE —EVIDENCE.—In this action for damages for personal injuries against the driver of an automobile and his employer, the record does not show that at the time of the accident said driver was in the discharge or performance of any duties within his employment as an employee of his codefendant.

[2] ID.—EMPLOYER AND EMPLOYEE—EVIDENCE.—In such action, although evidence of several conversations between plaintiff and a fellow-employee of the defendant driver or between said fellow-employee and plaintiff's nurse was admissible because the driver had given to plaintiff the fellow-employee's name and had stated to plaintiff that the fellow-employee would represent the driver when the latter was out of town, such evidence was not, however, admissible as against the defendant employer, where the record does not disclose that the fellow-employee was expressly authorized to represent the employer in transacting any business with the plaintiff, nor discloses that said fellow-employee's position was such that he had the implied authority from his employer to take up such business matters.

---

(1) 28 Cyc., p. 39, n. 33.    (2) 22 C. J., p. 369, n. 1, p. 372, n. 3.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    T. I. Fitzpatrick, Judge.    Reversed.

The facts are stated in the opinion of the court.

S. Laz Lansburgh and S. Joseph Theisen for Appellant.

Sterling Carr and Carr & Guiler for Respondent.

STURTEVANT, J.—On the first day of December, 1922, the plaintiff was walking westerly on the south side of Market Street and was in the act of crossing Third Street. At the same time the defendant Clyde A. Griffin was driving an automobile southerly on Third Street. As he attempted to pass the plaintiff his right front wheel hit the left foot of the plaintiff. Thereafter she commenced an action to recover damages for the injury sustained in the accident.

In her complaint she made Clyde A. Griffin one of the defendants and A. C. Blumenthal & Company, a corporation, another defendant. The corporation was joined on the theory that at the time of the accident Clyde A. Griffin was an employee of the corporation and was engaged in the performance of his duties as such employee. Both defendants answered, a trial was had before the trial court sitting without a jury. The trial court made findings of fact against both defendants and ordered a judgment entered thereon. From that judgment the defendant corporation has appealed under section 953a of the Code of Civil Procedure.

[1] Appellant makes the point that it was not liable because the record does not show that at the time of the accident Griffin was in the discharge or performance of any duties within his employment as an employee of the appellant. We think that the point is well made. The evidence presents no conflict on the subject. For some time prior to the above date the appellant was engaged in the real estate and insurance business and maintained an office in the city of Los Angeles. Mr. Griffin had been a resident of San Francisco, but had been employed by the appellant in its Los Angeles office. For a few weeks prior to the date of the accident he had been residing in Los Angeles, but came to San Francisco for the Thanksgiving holiday and for the purpose of getting his automobile and some other personal property and driving the automobile to Los Angeles. When he had finished his visit and was in the act of driving to Los Angeles the accident occurred. Mr. Griffin testified that at the time he left Los Angeles he had not been directed to transact any piece of business for his employer while he was on the trip. He further testified that while in San Francisco he did not transact any business for his employer and

did not attempt to do so, but that he made a friendly call on the employees of the San Francisco office. Mr. Blumenthal testified that he did not know that Mr. Griffin was going to San Francisco and did not know that he had gone until after Mr. Griffin returned to Los Angeles, and that he had not directed Mr. Griffin to perform any business for the appellant nor to obtain in the San Francisco office and take to the Los Angeles office any papers or other property. Under these circumstances the plaintiff did not make out a case as against the appellant. (*Kish* v. *California State Automobile Assn.,* 190 Cal. 246, 248 [212 Pac. 27].)

The respondent calls to our attention the fact that at the time of the accident Mr. Griffin handed to the plaintiff his business card which had printed on it his Los Angeles address, "Secretary A. C. Blumenthal & Company." She also calls to our attention that at the same time he gave her the telephone address of Mr. Sheppard and that thereafter she and her agents had certain conversations with Mr. Sheppard; also that Mr. Griffin had the authority to transact business for his employer in any part of the state and therefore that he held a roving commission. However, the record is clear that on his trip to San Francisco he did nothing under his roving commission and that he did nothing as secretary of the defendant corporation. Mr. Sheppard was in charge of the insurance department in the San Francisco office. Mr. Griffin had at various times placed his automobile insurance through the instrumentalities of the San Francisco office and allowed Mr. Sheppard to hold his policy of insurance. At the time of the accident he believed that he was covered with collision insurance and for that reason he directed the plaintiff to communicate with Mr. Sheppard. However, when the insurance policy was examined it was found that it did not cover collision insurance. All reference to Mr. Sheppard thereupon became immaterial.

[2] The plaintiff had offered in evidence several conversations between Mr. Sheppard and the plaintiff or between Mr. Sheppard and the plaintiff's nurse. The appellant objected. The objection was properly overruled because the defendant Griffin had given to the plaintiff Mr. Sheppard's name and had stated to the plaintiff that Mr. Sheppard would represent him when Mr. Griffin was out of town. The record discloses that Mr. Sheppard occupies some

position in the San Francisco office of the defendant A. C. Blumenthal & Company, but the record does not disclose that Mr. Sheppard was expressly authorized to represent his employer in transacting any business with° the plaintiff, nor does the record show that Mr. Sheppard's position was such that he had the implied authority from his employer to take up such business matters. Therefore it is clear that, although the testimony referred to was admissible, it was not admissible as against the defendant Blumenthal & Company.

The judgment against the appellant is reversed.

Nourse, J., and Langdon, P. J., concurred.