**MURPHEY et al. v. UNITED STATES.**

**No. 5809.**

United States District Court
N. D. California, N. D.

Aug. 3, 1948.

---

Francis E. Harrington, of Portland, Or., and William B. Wetherall, of San Francisco, Cal. for plaintiff.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., by Harlan M. Thompson, Asst. U. S. Atty., of Sacramento, Cal., for defendant.

LEMMON, District Judge.

This action is brought by the heirs at law of Huldah Murphey to recover the pecuniary loss sustained by them resulting from her death. Section 377 of the Code of Civil Procedure of the State of California gives a right of action to the heirs at law against the tort-feasor causing the death and against the employer responsible for his conduct.

Huldah Murphey was struck by a motor vehicle owned by defendant, United States of America, and driven at the time by Paul Brander, a member of the Army Air Corps of defendant. Brander was a staff sergeant stationed at a radar establishment with a complement of about twenty soldiers, located a short distance from the town of Klamath, California. A carry-all owned by defendant was customarily used by the men stationed at the post to convey them to the town of Klamath for their entertainment when off duty. This was done under the authority of the commanding officer. Under this authority the vehicle was to be left parked to the side of a building in the town and remain there until the evening's entertainment was over, at which time it was used to re-convey the men to the post. Special permission was required to use the vehicle for the pleasure of the men to go to any place other than Klamath. During the evening in question, Brander drove several men to the town, parked the vehicle as required and was walking around the town when he met another one of the men from the establishment, Sergeant Warneck. Warneck suggested that the two attend an "Indian Shaker ceremonial dance" which was in progress near-by. The two men got into the carry-all and started for the dance. After proceeding a short distance they met two of Warneck's women acquaintances. The ladies were accosted and they stated that they were on their way to the same dance. They accepted an invitation to get into the machine and the four proceeded on. The place where the dance was held was about six hundred to a thousand feet distant from the center of the town of Klamath. It was during the ride to that place that the fatal accident occurred.

There is no occasion to recount the evidence upon which the negligence of the driver of the government vehicle is predicated. I do not understand counsel for the government to seriously question that such negligence has been established. The court is satisfied that it abundantly appears from the evidence that the death of Mrs. Murphey proximately resulted from the negligence of the driver, negligence which may be described as gross.

Plaintiffs proceed under two theories. The first theory is that the government is liable under the so-called "permissive use" statute of the State of California. And the second theory is under the rule of respondeat superior.

The first theory can be readily disposed of. The statute dealing with tort claims against the United States as it presently reads (the changes, as brought about by the revision of Title 28, are not as yet effective) confers exclusive jurisdiction upon the District Courts of the United States of claims against the United States for money damages on account of death caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such * * * death in accordance with the law of the place where the act or omission occurred." The succeeding sentence reads, "Subject to the provisions of this title, the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent, as a private individual under like circumstances, except that the United States shall not be liable for interest prior to judgment, or for punitive damages."[1] 28 U.S.C.A. § 931. There is no need to apply the rule that

---

[1] The revision of Title 28, United States Code, effective September 1, 1948, limits the jurisdiction of district courts in actions on claims against the United States for personal injury or death to those caused by the negligence or wrongful act or omission of an employee of the government while acting within the scope of his office or employment. Section 1346.

statutes waiving sovereign immunity are subject to strict construction. There is nothing in the quoted sentences which requires construction. These sentences are free from ambiguity. The second sentence creates the right against the government, but the first sentence must be referred to in determining the meaning of the words "such claims, to the same claimants." The claims have reference to those inuring to the benefit of claimants who are injured through the negligence of an employee of the government while acting within the scope of his office or employment. This excludes any obligation on the part of the government for torts committed by its officer or employee occurring while the officer or employee is not acting within the scope of his employment. It follows that Section 402 of the California Vehicle Code, which creates a cause of action against the owner of a motor vehicle for the negligence of one who is driving the same under his permission, without regard to whether at the time the driver was in the service of the owner, has no application.

The question next met is whether the United States at any time after the machine left the post was the employer, in the sense that the machine was being used in the business of the United States. It is established that the vehicle which ran into Mrs. Murphey was the property of defendant and that the driver was a soldier in the United States Army. In California proof of ownership gives rise to the inference that the driver was on the business of the owner, if the driver was at the time the employee of the owner. Stewart v. Norsigian, 64 Cal.App.2d 540, 149 P.2d 46, 150 P.2d 554; Heglin v. F. C. B. A. Market, Inc., 70 Cal.App.2d 803, 161 P.2d 976. If evidence contrary to the inference is clear, positive, uncontradicted, and of such a nature that it cannot rationally be disbelieved, the right to draw the inference disappears. Blank v. Coffin, 20 Cal.2d 457, 126 P.2d 868. The question of the agency then becomes one of law. In the absence of evidence to that degree, there is presented a question of fact as to whether the inference shall or shall not be drawn.

The vehicle had been habitually used and was used that evening in conveying the military personnel from the military grounds to the town of Klamath. As stated, this was done under permission of the commanding officer, who had authority to give such permission. That the machine was being used to afford pleasure and amusement for the men does not necessarily negative agency. The amusement of the men may be a part of defendant's business. Jacobus v. Brero, 190 Cal. 374, 375, 212 P. 617. Where the term "scope of employment" is involved all relevant circumstances are to be considered and weighed in relation to one another. However, I do not find it necessary to come to a resolve upon this point since I am persuaded that, assuming but not deciding the use of the automobile while conveying the men to Klamath was within the scope of employment, there appears in the evidence proof that at the time of the accident the vehicle was not being so used. I come to this conclusion for two reasons. The first is that the use to which it was being put at the time of the accident was beyond the permitted use and contrary to the instructions of the officer in charge. Perhaps more importance should be attached to the second reason, namely, that at the time in question the vehicle was being used by the two sergeants for their own personal ends. Where the purpose of the trip is confined to the driver's own personal business no liability attaches to the employer. Hanchett v. Wiseley, 107 Cal.App. 230, 290 P. 311; Lane v. Bing, 202 Cal. 577, 262 P. 317; Kish v. California State Automobile Ass'n, 190 Cal. 246, 248, 212 P. 27; Walters v. West American Ins. Co., 4 Cal.App.2d 581, 583, 41 P.2d 355, 43 P.2d 306; Newman v. Steuernagel, 132 Cal.App. 417, 22 P.2d 780. If the employer has entrusted his automobile to an employee for use by the employee in the employer's business, the employer is not liable for the torts of the employee occurring while the employee is pursuing his own pleasure, and his activities are disassociated from the performance by him of any business of his employer. Weber v. Wiley B. Allen Co., 64 Cal.App. 274,

221 P. 663; Grissim v. A. C. Blumenthal & Co., 76 Cal.App. 712, 245 P. 768. This is true absent a statute imputing to the owner the negligence of the driver, Section 402, California Vehicle Code though the employee has the permission of the employer to use the latter's automobile in the former's enjoyment. Hall v. Puente Oil Co., 47 Cal.App. 611, 191 P. 39.

■ Where the undisputed evidence positively shows that the employee was using the car for his own personal pleasure, without permission of the employer, and not performing any business of the employer, the right to draw the inference of agency is dispelled. Bourne v. Northern Counties Title Ins. Co., 4 Cal.App.2d 69, 40 P.2d 583. Such is the situation in the instant case. The inference of agency is here overcome and there is as a matter of law no basis for its application.

■ Plaintiffs would draw to their aid the definition in the Tort Claims Act wherein it is stated "acting within the scope of his office or employment" when applied to a member of the military or naval forces of the United States means "acting in the line of duty." There is a clear distinction between "scope of employment" and "line of duty." La Bella v. Southwestern Bell Telephone Co., 224 Mo.App. 708, 24 S.W.2d 1072, 1075. But the act here comes within neither term. The cases recognize that something done by a soldier or sailor in the service of the United States in pursuance of a private avocation, or, which is not a logical incident of provable effect of duty in the service, is not done in the line of duty. Collins v. Dollar S. S. Lines, D.C.N.Y., 23 F.Supp. 395; Hutchens v. Covert, 39 Ind.App. 382, 78 N.E. 1061. The act to be one in the line of duty must have relation to causation, mediate or immediate, to the duty owed by the actor. Rhodes v. United States, 8 Cir., 79 F. 740. Brander was not engaged in the performance of any duty to the United States at the time of the accident.

Judgment will be in favor of the defendant. Findings of fact will be submitted in conformity to the local rule.