**Matter of WILLIAM DUNCAN & SON, a copartnership consisting of William Walter Duncan, Bernice Bertha Duncan, Archer Edgar Duncan and Mary Patricia Duncan, Bankrupt.**

**No. 16966.**

United States District Court
N. D. California, N. D.
Aug. 25, 1958.

5. At 330 U.S. 455, footnote 20, 67 S.Ct. 852, 91 L.Ed. 1011.

**160**

Chadeayne & Wilkinson, Tracy, Cal., Nels B. Fransen and Peter J. Simonelli, Stockton, Cal., Cardozo, Trimbur & Nickerson, Modesto, Cal., for creditors.

Norman J. Mulholland, Stockton, Cal., for debtor.

OLIVER J. CARTER, District Judge.

Mrs. Bertha Watts Shotwell, a petitioning creditor in this matter, has filed a petition to review the order of the referee in bankruptcy denying her claim. She is the mother of Mrs. William Duncan,[1] and filed a proof of claim on February 7, 1958, alleging that the debtor, William Duncan & Son, was indebted to her in the amount of $10,000.

After a hearing, the referee in bankruptcy denied Mrs. Shotwell's claim, and concluded as follows:

"The facts were as follows  On or about May 21st, 1955, Mr. and Mrs. Duncan of the debtor partnership, borrowed the sum of $10,000 from Mrs. Duncan's mother, Bertha May Shotwell,[2] and received the money by a check dated May 17th, 1955, drawn on the Manteca Branch of the Bank of America, payable to Mrs. Wm. Duncan for $10,000 and Bertha May Shotwell signed as maker.[3]  Mrs. William Duncan endorsed the check and it is noted on the back as deposited in the account of Wm. Duncan and Sons.

"Mr. and Mrs. Duncan testified that they borrowed the $10,000 from Bertha May Shotwell, Mrs. Duncan's mother, for the purpose of buying cattle and feed for the partnership and agreed to pay back the loan after the prior FHOA loan should be paid off by monthly installments of $325.00.  Mrs. Shotwell was to be paid the same amount of monthly installments after the loan to FHOA had been paid, which they both testified will not be until 1959 or 1960.  They testified that they gave no note or anything in writing in regard to the transaction.  The transaction was entirely oral.

"The loan was made and the check dated May 17, 1955.  The petition for arrangement in this proceeding was filed July 30th, 1957, more than two years later, and the claim was filed on January 30th, 1958."

Other creditors objected to the proof of this claim, and two arguments were proposed in opposition to Mrs. Shotwell's claim.  The first was that the claim was barred by the applicable Statute of Limitations, which foreclosed the commencement of an action upon an oral contract after a period of two years had passed from the accrual of the cause of action.[4]  The second was that the contract was invalid under the provisions of the Statute of Frauds,[5] in that this was an oral agreement which, by its terms, could not be performed within a year.

1. Also known as Bernice Bertha Duncan.

2. Also known as Bertha Watts Shotwell.

3. Although the referee in bankruptcy here states that Mrs. Shotwell signed the instrument as "maker," there is no suggestion that he found the instrument to be anything other than a bill of exchange, or ordinary bank check.

4. West's Ann.California Code of Civil Procedure, Section 339.

5. West's Ann.Califoria Civil Code, Section 1624, subd. 1.

It is a basic rule in bankruptcy proceedings that the validity of the obligations of the bankrupt are to be determined by the law of the state wherein the court of bankruptcy is located. See 2 Remington on Bankruptcy § 954. Another basic rule is that the trustee in bankruptcy is specifically authorized to make all objections to any claim which could have been made by the bankrupt himself; [6] also, should the trustee not make an appropriate objection, any creditor may raise his objection to the proof of a claim.[7] Accordingly, the objections were properly raised, and the questions of law are to be determined by the law of the State of California.

Considering the first contention of the objecting creditors, that the obligation was barred by the Statute of Limitations, the referee properly rejected the argument. Although it is true that the statute states that two years is the period of limitation for the commencement of an action upon an oral contract, it is equally true that the statute does not commence to run until the cause of action accrues. The introductory statute to the general section dealing with the limitation of actions states:

"Civil actions, without exception, can only be commenced within the periods prescribed by this title, *after the cause of action shall have accrued* * * *." West's Ann.California Code of Civil Procedure, Section 312.

It is obvious that inasmuch as the first payment of the petitioning debtors was not to have been made until some time in 1959 or 1960, the Statute of Limitations could not be called into play until some two years after the time of the due date of the first payment.

However, in rejecting the claim of Mrs. Shotwell, the referee in bankruptcy relied upon the Statute of Frauds. He states:

"Since the oral testimony was clearly to the effect that Mrs. Shotwell was not to be paid until the FHOA loan had been paid sometime in 1959 or 1960, the oral agreement was 'by its terms not to be performed within a year of the making thereof', and was therefore 'invalid' under Section 1624(1) of the [West's Ann.Cal.] Civil Code."

Looking first into the nature of the claim of the petitioning creditors, it is noted that the referee found as a matter of fact that there was a loan made by Mrs. Shotwell. A loan, as defined by the Supreme Court of California, is:

" * * * the delivery of a sum of money to another under a contract to return at some future time an equivalent amount with or without an additional sum agreed upon for its use; and if such be the intent of the parties the transaction will be deemed a loan regardless of its form." Milana v. Credit Discount Co., 27 Cal.2d 335, 339, 163 P.2d 869, 871, 165 A.L.R. 621.

According to the facts as found by the referee, Mrs. Shotwell did lend $10,000 to William Duncan & Son. Her side of the contract was performed completely; there was nothing left for her to do; her part of the agreement was fully executed.

It is the law of California that where a contract has been completely executed on one side, and there is nothing left to do but make the payment of consideration, the agreement is no longer within the Statute of Frauds.

"* * * But whenever a contract within the purview of the statute has been so far executed that nothing remains to be done but to pay the consideration, the fact that payment of the consideration is not required by the provisions of the contract to be made within a year furnishes no defense to an action for such payment." 23 Cal.Jur.2d 401.

---

6. Bankruptcy Act § 70, sub. c, 11 U.S.C.A. § 110, sub. c.

7. Bankruptcy Act § 57, sub. d, 11 U.S.C.A. § 93, sub. d.

Such appears to be the rule of the great weight of authority according to Professors Williston and Corbin in their treatises. 2 Williston on Contracts § 504, p. 1470; 2 Corbin on Contracts § 454, p. 573. The rule of the Restatement is:

"Where any of the promises in a bilateral contract cannot be fully performed within a year from the time of the formation of the contract, all promises in the contract are within Class V of § 178,[3] unless and until one party to such a contract completely performs what he has promised. When there has been such complete performance, none of the promises in the contract is within Class V." Restatement of the Law of Contracts § 198.

The referee in bankruptcy, in certifying this matter for review, has stated:

"As to the claimant's argument that the advance of the money by Mrs. Shotwell was a 'full performance' on her part, there seems to be no recorded decision in California to that effect. Most of the cases holding that full or partial performance of his promise by one party will take the case out of the statute in order to prevent hardship or injustice, are cases of employment, where the worker has performed his part by doing the work, or land cases where money is paid or improvements made relying on the oral contract. The cases cited gave relief to claimants who sued on causes of action based on 'quantum meruit', 'assumpsit', implied promise to pay or unjust enrichment, and not on the oral contract which would be invalid under the statute of frauds."

■ Although, there may have been other remedies available to the petitioning creditor, it is the opinion of the Court that she was correct in relying on the contract when she presented her claim.

"The statute of frauds does not apply where there has been a full and complete performance of an oral contract by one of the parties to it; and such party is not relegated to his suit in equity or on the quantum meruit, but may sue on the contract in a court of law, particularly where the agreement has been completely performed as to the part thereof which comes within the statute." 37 C.J.S. Frauds, Statute of, § 251, p. 762.

■ Since there appear to be no reported decisions of the California courts passing on the precise factual situation here presented, it is the duty of this Court to determine what the California courts would decide when the question was presented.

The California courts have held that the Statute of Frauds did not apply in cases of contracts executed on one side in situations dealing with employment contracts, Roberts v. Wachter, 104 Cal. App.2d 271, 231 P.2d 534; Dean v. Davis, 73 Cal.App.2d 166, 166 P.2d 15; an agreement between real estate brokers for the payment of commissions, Hellings v. Wright, 29 Cal.App. 649, 156 P. 365; an agreement involving the procurement of an oil lease, Dutton v. Interstate Investment Corp., 19 Cal.2d 65, 119 P.2d 138; and an action for the commission on sales made under a concession contract, Bergin v. Van der Steen, 107 Cal.App.2d 8, 236 P.2d 613.

A different view is suggested in Hall v. Puente Oil Co., 47 Cal.App. 611, 191 P. 39. There, however, the statement of the California District Court of Appeals appears to be dictum. The appellate court declined to find any agreement upon which a decision could be based, stating:

" * * * the evidence touching the question is too vague and uncertain upon which to base a contract of such character." 47 Cal.App. at page 616, 191 P. at page 41.

**2.** Referring to the classes of contract within the Statute of Frauds.

Such is not the case here, where the referee found that there existed a definite contract, and that there was no uncertainty concerning its terms.

The latest statement of the rule by the California courts seems to be found in Bergin v. Van der Steen, supra, where the court said at page 18 of 107 Cal. App.2d, at page 620 of 236 P.2d:

"There is no merit in appellant Anderson's argument that respondent's claim is barred by the statute of frauds in that it comes within section 1624(1) of the Civil Code, the one-year section. The answer to this contention is that Bergin has completely performed his promises under the 1940 contract, having assigned his rights under the original agreement and having thereafter refrained from bidding for concession privileges at the end of the 1941 season. Such agreement is thereby taken out of the operation of the statute. Dutton v. Interstate Inv. Corp., 19 Cal.2d 65, 70, 119 P.2d 138; Rest.Contracts, sec. 198."

The referee has concluded that this rule cannot be applied to an oral contract for the repayment of money loaned. This Court believes that the better view is that the rule is applicable to such a contract because the purpose of the rule is to prevent unjust enrichment by one party to a contract when the other party already has fully performed his obligation under the contract. This Court is persuaded that the California courts would find this reason to be more impelling in the case of the contract to repay money loaned, than in the decided cases concerning oral contracts for employment, commissions, real estate transactions, et cetera. It is difficult to imagine a more complete performance on one side of a contract than the loaning of money by one party, leaving only repayment by the other party. Under this view the claim of the petitioning creditor is not barred by the Statute of Frauds.

Consequently, inasmuch as the Statute of Frauds is not a proper defense to a contract which has been fully executed on one side, where there is no performance required other than the payment of consideration, the decision of the referee in bankruptcy must be reversed.

Accordingly, it is the order of the Court that the holding of the referee in bankruptcy be reversed, and that the matter be, and the same hereby is remanded for further proceedings not inconsistent with the foregoing views and opinions herein expressed.