[Civ. No. 755. Fourth Appellate District.—April 19, 1932.]

ISABEL BAKER, Appellant, v. ELLA' BOUCHARD, as Administratrix, etc., et al., Respondents.

Calvin H. Conron, Jr., Harry M. Conron and Rowen Irwin for Appellant.

M. G. Brittan, H. S. Millspaugh and J. O. Reavis for Respondents.

JENNINGS, J.—Appellant instituted her action in the superior court seeking to enforce an alleged trust in a certain parcel of land belonging to the estate of Robert Price, deceased. Respondent Ella Bouchard is the administratrix of said estate. Respondent Lois Price is the daughter and sole heir at law of decedent Robert Price.

The trust sought to be enforced is maintained to have arisen by virtue of an alleged oral contract between the decedent and appellant whereby decedent agreed, in consideration of appellant taking up her residence in decedent's home and furnishing to him necessary food and care during his declining years, that he would make a will devising to her the real property in question. It is contended that appellant fully performed on her part the agreement thus made. It appears that decedent attempted to make a will in which he devised the property to appellant, but that the will is invalid since it fails to comply with the statutory provisions requiring that it be subscribed by witnesses and as it is not entirely in the handwriting of the testator it cannot be upheld as an holographic will. In connection with this instrument, it is to be observed that it contains no reference to the alleged oral agreement.

Appellant complains of two findings of fact made by the trial court. By the first of these findings the court found that it was not true that the deceased agreed to will the property to appellant in consideration of appellant's agreement to provide and care for decedent for the remainder of his life and by the second that it was not true that appellant relying upon the good faith of decedent provided necessary food, care and attention for him up to the time of his death.

Section 1624 of the Civil Code and section 1973 of the Code of Civil Procedure expressly provide that an agreement to devise or bequeath property or to make provision for any person by will is invalid unless the contract or some

note or memorandum thereof is in writing and subscribed by the party charged or by his agent. ■ It is not contended that there was any written memorandum of the alleged agreement other than the invalid will. This instrument contained a simple devise of the real property in question to appellant without reference to any agreement in respect thereto. It does not, therefore, constitute a sufficient memorandum of the alleged oral agreement to comply with the requirement of the above-mentioned statutes (*Zellner* v. *Wassman,* 184 Cal. 80 [193 Pac. 84]).

■ It is, however, urged by appellant that she fully performed her part of the alleged oral agreement and that she is therefore entitled to the relief sought by her on the ground that equity will decree specific performance of an oral agreement legally unenforceable because of the statute of frauds, where it clearly appears that the party seeking to enforce it has fully performed on his part relying upon the good faith of the other party to the agreement. The theory underlying the equitable doctrine which grants relief under the circumstances mentioned is that the statute of frauds has for its object the prevention of fraud and is not to be permitted to be used as an instrument for its perpetration (*Arguello* v. *Edinger,* 10 Cal. 150, 158). In this connection it is argued that while section 1741 of the Civil Code, as this section read at all times pertinent to the present inquiry, expressly provided that the power of any court to compel specific performance of any agreement for the sale of real property in cases of partial performance should not be abridged, it is neither reasonable nor in accordance with established rules of construction to hold that by the enactment of section 1741 the legislature intended to deprive courts of equity of the power to decree specific performance of oral agreements other than those for the sale of real property. It is urged that the power of equity to decree specific performance of oral agreements in cases of partial performance is a power inherent in the very structure of equity, firmly established, of long standing, and well recognized and that if the legislature had intended to take away from courts of equity so important a power, it would have expressly and unmistakably so declared. The obvious answer to the contention thus made is that section 1624 of the Civil Code since its amendment in

1905 and section 1973 of the Code of Civil Procedure, since its amendment in 1907 expressly and unequivocally declare that agreements to devise or bequeath any property or to make any provision for any person by will shall be invalid unless there is some written memorandum thereof subscribed by the party sought to be charged. There is no ambiguity in the language employed. It is clear and direct. Section 1741 of the Civil Code did expressly recognize the power of a court of equity to decree specific performance of one class of oral agreements, viz., oral agreements for the *sale* of real property in cases of partial performance. If the legislative intent had been to make other exceptions to the statute of frauds, surely this was the place to indicate such intent. This was the reasoning of Justice Finlayson in *Trout* v. *Ogilvie,* 41 Cal. App. 167, 174 [182 Pac. 333]. It may be conceded that the language of that portion of the opinion which is directly applicable to the point under consideration is *dictum.* This does not, however, detract from the cogency of the reasoning employed which is most pertinent to the problem herein presented. ■ Furthermore, it is clear that in order to take a contract out of the operation of the statute of frauds, the acts relied upon as establishing part performance must be unequivocally referable to the contract. If such acts, though in truth done in performance of a contract, admit of an explanation without supposing a contract, they do not generally constitute such part performance as to remove the case from the operation of the statute. The evidence presented to the trial court relative to the acts relied upon by appellant was of such character that the court was amply justified in believing that they were done, not in pursuance of the alleged agreement to devise the property to appellant, but in conformity with an arrangement between appellant and decedent whereby appellant was to furnish necessary food and care to decedent in return for which appellant was permitted to occupy decedent's home, rent free. The court's finding that the agreement relied upon by appellant was not entered into is not therefore lacking in evidentiary support. The same evidence which furnishes support to the finding that the alleged agreement was not made is sufficient to sustain the second finding to which appellant objects. As heretofore suggested, the record dis-

closes that evidence was produced tending to show that the agreement actually entered into between appellant and decedent was that appellant would furnish food and care and attention to decedent in return for which decedent would permit her to occupy his home without paying rent therefor. If this was in fact the arrangement, the acts of appellant were done, not in reliance upon the good faith of decedent that he would perform his promise to will her his property, but in return for his promise to permit her to occupy his home rent free.

The judgment is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.