[Civ. No. 1542. Fourth Appellate District.—May 10, 1935.]

E. C. DENIO et al., Appellants, v. JOHN BRENNECKE et al., Respondents.

J. E. Light, S. G. Bay and Geo. M. Pierson for Appellants.

Sarau & Thompson and C. P. Temple for Respondents.

JENNINGS, J.—Plaintiffs appeal from a judgment rendered in favor of defendants following the entry of an order sustaining demurrers to the complaint without leave to amend.

The complaint contains three counts. In the first count a cause of action for an accounting is attempted to be pleaded. It is therein alleged that in the month of September, 1922, the defendants were the owners of certain real property in the

county of Los Angeles; that in said month plaintiffs rendered legal services for defendants at their request and that for said services which were fully performed by plaintiffs, "the defendants verbally agreed to and with the plaintiffs, that they would give and yield to the plaintiffs from time to time as and when produced, one per cent or one one-hundredth part of all the oil, gas and hydrocarbons produced and saved" from said real property; that on or before June 1, 1923, wells had been drilled on the land and oil, gas and other hydrocarbons were produced therefrom and such production has been continuous from said date; that during all of the time since said last-mentioned date the defendants received and detained all of the one per cent of the oil and gas produced and sold the same for an amount of money unknown to plaintiffs; that prior to the institution of the action plaintiffs demanded that the defendants render an accounting of the oil and gas produced and that they pay to plaintiffs one per cent thereof but the defendants refused and neglected to render an accounting or to pay the specified one per cent.

The second cause of action incorporates by reference those paragraphs of the first count wherein it is alleged that the defendants verbally agreed to give plaintiffs one per cent of the oil and gas which might be produced on the land, that wells were bored which resulted in the production of oil and gas, and that defendants received all of the proceeds derived from such oil and gas and refused to account to plaintiffs for the one per cent thereof or to pay said one per cent. It is then alleged that the defendants hold the oil and gas produced and the proceeds thereof "as bailees for the plaintiffs and in trust for these plaintiffs and have wrongfully held the same since the 9th day of September, 1932, and since these plaintiffs demanded the same from and of the defendants".

The third cause of action alleges that the defendants are indebted to plaintiffs for the money had and received from the sale of one per cent of all the oil, gas and other hydrocarbons produced and saved from the land the amount of which is unknown to plaintiffs and that defendants received "said proceeds from month to month and have retained and detained the same for the use and benefit of these plaintiffs".

The prayer of the complaint is that it be decreed, first, that plaintiffs are the owners of one per cent of all gas and oil produced on the land since September 9, 1922, or which may

hereafter be produced; second, that defendants be required to account for all the gas and oil produced and for the proceeds thereof; third, that plaintiffs have judgment for such amount as shall be found due upon such accounting.

Various grounds were specified in the demurrers which were interposed by the defendants. Only one of such grounds need here be considered since it is our opinion that the demurrers were properly sustained on this ground and that the judgment in defendants' favor must therefore be affirmed. This ground is that the causes of action pleaded in the complaint are barred by the provisions of section 1624 of the Civil Code.

The above-mentioned section contains six subdivisions. We entertain the opinion that the fourth subdivision is here applicable. This subdivision provides that an agreement for the sale of real property or of an interest therein shall be invalid unless the agreement or some note or memorandum thereof is in writing and subscribed by the party to be charged or by his agent. As above noted the complaint alleges that the defendants verbally agreed to give to plaintiffs one per cent of all gas, oil and other hydrocarbons produced from the land in return for legal services performed by plaintiffs at defendants' request. This allegation occurs in the first and second causes of action. It does not occur in the third cause of action but it is evident from the allegations thereof that the cause of action for money had and received is based on the oral agreement set out in the preceding counts. The prayer of the pleading likewise shows that the basis for the three causes of action alleged is the oral agreement to give one per cent of the oil and gas produced from the land.

The alleged oral agreement of defendants to give to plaintiffs one per cent of all gas, oil and other hydrocarbons produced and saved from the land amounted to a verbal assignment by the land owners of an undivided interest in oil rights in the land. It has recently been decided by the Supreme Court of this state that such an assignment is an assignment of an interest in real property (*Callahan* v. *Martin*, 3 Cal. (2d) 110 [43 Pac. (2d) 788]). The allegation of the complaint that the defendants "verbally agreed" to give one per cent of the oil and gas produced therefore brings the case squarely within the provisions of subdivision 4 of section 1624 of the Civil Code unless the further allegation that plaintiffs

had fully performed their part of the agreement is sufficient to remove the bar of the statute.

It may be observed that the agreement set out in the complaint which forms the basis for the three causes of action alleged in the pleading is an agreement to convey an interest in real property in consideration of the rendition of personal services. The fact that the consideration for defendants' oral agreement was the rendition by plaintiffs of legal services for defendants has, however, no bearing on the question of whether or not the action is barred by the statute of frauds (*Cordano* v. *Ferretti*, 15 Cal. App. 670 [115 Pac. 657]).

We can see no difference in principle between the legal problem presented by the allegations of the complaint and that which would have been presented if the agreement to give a percentage of the oil to be produced had been made in consideration of the payment by plaintiffs of a specified purchase price. It has been decided that the payment of the purchase price does not constitute such part performance as to entitle the purchaser to equitable relief in the form of a decree of specific performance of an oral agreement to convey land (*Forrester* v. *Flores*, 64 Cal. 24 [28 Pac. 107]; *Davis* v. *Judson*, 159 Cal. 121 [113 Pac. 147]). It has also been decided that full performance by one party to an agreement whereby personal services were to be rendered in consideration of an oral promise by the other party to execute a will devising certain real property to the promisee does not constitute such part performance as to entitle the promisee to equitable relief in the form of a decree enforcing a trust in the land (*Baker* v. *Bouchard*, 122 Cal. App. 708 [10 Pac. (2d) 468]). The last cited case would appear to dispose of the contention that the cause of action based on the theory that a trust was created for the benefit of plaintiffs was removed from the operation of the statute of frauds by reason of the allegation of full performance by plaintiffs of their part of the agreement.

It is therefore our conclusion that the complaint shows on its face that the agreement which forms the foundation for the various causes of action therein alleged is an oral agreement to assign or to transfer an interest in real property which is rendered unenforceable by the provisions of subdivision 4 of section 1624 of the Civil Code and that the allegation that plaintiffs had fully performed their part of the agreement does not constitute an allegation of such part performance as to

render the pleading immune to the objection that it is barred by the provisions of the above-mentioned statute.

For the reasons stated, the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 8, 1935.