[Civ. No. 14941.   Second Dist., Div. Three.   Feb. 20, 1946.]

DUFF L. DEAN, Appellant, v. HAROLD M. DAVIS et al., Respondents.

Alan E. Gray and George Boshae for Appellant.

Reynolds & Painter and Louis Miller for Respondents.

WOOD, J.—Plaintiff appeals from a judgment of dismissal entered after a demurrer to his first amended complaint had been sustained without leave to amend.

The first amended complaint alleged in substance that in January, 1939, plaintiff and defendants entered into an oral agreement whereby plaintiff agreed to "directly or indirectly secure for defendant Harold M. Davis employment" with companies acceptable to said defendant; that "In consideration for securing the employment mentioned . . . herein said defendants promised and agreed to pay said plaintiff ten per cent of all moneys, income . . . over and above $3,250.00 annually earned and usual sales and traveling expenses annually expended by said defendant Harold M. Davis . . . as a result of the employment procured by plaintiff . . . and as accepted by defendant Harold M. Davis"; that the agreement was to continue in force "until cancelled by the mutual consent of the parties thereto"; that "pursuant to the agreement," plaintiff "procured and defendant Harold M. Davis accepted certain employment" on eight occasions during the years 1942 and 1943 with five different companies; that as a result of said employment defendants received as income during 1942 the sum of $33,390.23; that in violation of said agreement the defendants "knowingly" and "wrongfully" reported in writing to plaintiff on May 7, 1943, that their income in 1942 from said employment was $21,390.23 and paid to plaintiff as his share $1,139.35, whereas defendants actually received as the result of said employment during 1942 an income of $33,390.23, from which plaintiff should have been paid $2,556.32; that as a result of said employment defendants received as income during 1943 the sum of $57,070.22; that defendants "knowingly" and "wrongfully" reported in writing to plaintiff on May 8, 1944, that their income in 1943 from said employment was $45,070.22 and paid to plaintiff as his share $1,404.76, whereas defendants actually received as the result of said employment during 1943 an income of $57,070.22, from which plaintiff should have been paid $4,277.16; and that plaintiff had demanded payment of the balance due him from defendants but defendants had failed and refused to pay the same.

Defendants demurred upon the grounds that the amended complaint did not state a cause of action, and that it was ambiguous, uncertain and unintelligible.

168

Defendants contend that the agreement is invalid and unenforceable under the statute of frauds. Section 1624 of the Civil Code provides in part: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent: 1. An agreement that by its terms is not to be performed within a year from the making thereof. . . ." Defendants argue that the amount of defendant Harold M. Davis' income and the extent of his expenses could not be determined until after the passage of a year, and that the parties contemplated that a period of more than a year would elapse before there could be performance on the part of defendants. Appellant argues that the agreement was capable of being performed within a year and is not within the statute of frauds. Appellant further argues that, assuming it is an oral agreement which violated the provisions of the statute of frauds, it is a fully executed agreement and therefore is not invalid by reason of said statute.

■ The statute of frauds has no application to an executed agreement. (*McComsey* v. *Leaf*, 36 Cal.App.2d 132, 142 [97 P.2d 242].) ■ The amended complaint herein shows that plaintiff had performed his agreement to secure employment for defendant Harold M. Davis, and that said defendant had rendered the services required under the employment which he had accepted. " 'When a contract has been so far performed that nothing remains to be done but the payment of the consideration for the performance, the fact that the contract does not require the payment within a year furnishes no defense to an action for the price.' " (*Hellings* v. *Wright*, 29 Cal.App. 649, 656 [156 P. 365].) In 49 American Jurisprudence 860, it is said: "To state the rule another way, where the employee has fully performed the contract on his part and there is nothing left for the other party to do but to pay the agreed compensation, the statute does not apply, and the contract may be enforced against the employer according to its terms. Such is the view of the American Law Institute." (See Restatement, Contracts, vol. 1, § 178.)

■ When the parties to a contract which is not to be performed within a year have partly performed it, neither can avoid its obligation as to past transactions by objecting that it was oral and within the statute. (12 Cal.Jur. 858; *Pio Pico* v. *Cuyas*, 47 Cal. 174, 179.) In the case of *Dutton* v. *Interstate Investment Corp.*, 19 Cal.2d 65 [119 P.2d 138],

which was an action for an accounting upon an oral agreement whereby plaintiff was to share in profits from an oil lease, it was said at page 70: "Assuming that the agreement in the present case falls within this provision of the statute of frauds [Civ. Code, § 1624(1)], the finding of the trial court that Dutton [plaintiff] had fully performed all of his obligations under the contract operates to remove the bar of the statute [citing cases]. . . . The case of *Dougherty* v. *California Kettleman Oil Royalties, Inc., supra,* [9 Cal.2d 58 (69 P.2d 155)], is so factually similar to the instant case that it must be considered as controlling. It was there said: 'The fact that the agreement between Dougherty and Ochsner rested in parol is of no legal significance in this case. This agreement was fully executed by Dougherty. Assuming the contract could not be performed within a year and therefore fell within the statute of frauds, the circumstances of this case, showing as they do complete performance by Dougherty, clearly create an estoppel to plead the statute.' '' ▇ In the present case the agreement not only had been performed by plaintiff, and performed by defendants, except as to payment, but the defendants, in making a partial payment under the pretense of making full payment of the accurate amount due, had recognized their agreement and duty to render an accounting to plaintiff for the income and expenses resulting from the employment and to pay plaintiff ten per cent of said income after the agreed deductions had been made. The question here is not whether defendants were legally obligated to pay plaintiff, but whether the accounting was true and whether the payments which were made were the accurate amounts due to plaintiff. Defendants accepted the benefits of plaintiff's services, and acknowledged by their actions that plaintiff performed his obligations under the agreement. The staute of frauds is not applicable herein.

It is not necessary to discuss other points presented by the demurrer, since the demurrer was sustained without leave to amend, and it does not appear that plaintiff could not have made proper amendments if amendments were necessary.

The judgment is reversed.

Desmond, P. J., and Shinn, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 18, 1946.