[Civ. No. 17866. Second Dist., Div. Three. Apr. 26, 1951.]

LES BROCKMAN, Appellant, v. E. C. LANE et al.,
Respondents.

Clyde Thomas for Appellant.

J. M. Jessen and Reynolds, Painter & Cherniss for Respondents.

SHINN, P. J.—Plaintiff Stewart L. (Les) Brockman appeals from an adverse judgment in this action against E. C. Lane and wife for damages for a breach of an alleged oral agreement of partnership. It was alleged in the complaint that defendants entered into a partnership with plaintiff which was to continue for at least five years; defendants were to furnish capital to acquire, develop and farm certain unspecified land in Arizona; plaintiff would manage the development and farming of the land, would be allowed a drawing account of $300 per month, all capital advanced by defendants would be repaid to them from earnings and the remaining

profits would be equally divided between plaintiff and defendants, plaintiff being charged with the amount of his withdrawals; full and complete terms of the contract were agreed upon; it was determined to put the agreement in writing; plaintiff prepared and submitted an agreement providing that defendants would advance up to $102,000; defendants suggested that the agreement be changed so as to obligate them to advance only the sums needed as the operations progressed; defendants agreed to have the contract rewritten, which they failed to do and the agreement was not signed. Plaintiff performed his obligations under the agreement for more than one year; crops of great value were grown on the land, resulting in a large profit, but when harvest time came plaintiff was ejected from the land, defendants entered into possession, harvested the crops, retained the proceeds and denied and still deny that plaintiff has any interest in the property or profits of the alleged partnership. In a second cause of action it was alleged that defendants fraudulently induced plaintiff to render his services and had no intention of entering into a written agreement or allowing plaintiff to receive any profits or gains from his activities, all to his damage in the sum of $250,000. The complaint prayed for an accounting, damages, a declaration of plaintiff's rights and incidental relief. By their answer defendants denied the existence of the alleged partnership and alleged that they had employed plaintiff as manager of their farming operations under an oral agreement which was to run for five years, was subject to be and was terminated by them for cause. They also alleged that the oral agreement was not to be performed within a year and was invalid under sections 1973(1) of the Code of Civil Procedure and 1624(1) of the Civil Code of California, and under chapter 58, section 58-101, subsection 5 of the Arizona Code Annotated. Defendants filed a cross-complaint for damages resulting from an alleged conspiracy to defraud, bringing in Stewart L. Brockman, Sr., as a defendant to the cross-complaint. Plaintiff, Stewart L. Brockman, Jr., answered; apparently Brockman, Sr., was not served with the cross-complaint.

When the action came on for trial the court on motion of defendants ruled that the trial would proceed first on the issue of the alleged invalidity of the oral agreement. Defendants presented this defense. By deposition of an attorney in Arizona they proved the terms of the proposed written agreement which Brockman, Jr., had caused to be prepared. In this writing, defendants were named party of the first part

and Stewart L. Brockman, Jr., and Paula C. Brockman, his wife, party of the second part. No reason was shown for including Mrs. Brockman as a contracting party. The oral agreement was with Les Brockman. The writing provided that Lane and wife were to furnish approximately 900 acres of land for farming and at least $100,000 in capital; that "first party agrees to employ second party for a period of at least five (5) years to supervise the cultivation of the land in a farmer-like manner and according to the usual course of farming practiced in the neighborhood." It specified the duties of Brockman, provided for the return to defendants of the cost of clearing the land, purchasing equipment, construction of wells and "all of the permanent construction," and for the equal division of the net profits between the Lanes and Brockman. It read in part "second party agrees that all costs will be maintained within 5% of the estimates heretofore furnished, and if said costs exceed said 5% of the estimates furnished, then this contract may be cancelled immediately"; also "and that in the event that second party neglects the crops or fails to farm same in a good and farmerlike manner, or fails to perform all of the necessary farming operations, then the party of the first part shall have the right to take over the crops and finish the farming operations. Second party agrees to furnish all of his time and effort to the supervision of said farming for a period of five (5) years." In addition to the foregoing writing, defendants introduced in evidence a claim of mechanics lien verified by Stewart L. Brockman, Jr., November 14, 1947, stating that he was claiming the sum of $60,000 for labor and equipment furnished in work on the land under an oral agreement entered into between Brockman and defendants on or about October 20, 1946, that Brockman "was to work in the preparation for and cultivation of crops to be planted and grown on the above described land . . . that the said contract has been duly performed by him, and the improvement, preparation and cultivation was completed on the 10th day of November, 1947, and ten (10) days have not elapsed since that date." Sixty thousand dollars was claimed as one-half the estimated net profits "on crops and permanent improvements on the above described land." No other evidence was introduced by either party. The contentions of the parties were presented in extensive arguments.

Plaintiff contended that the unsigned writing stated the terms of the oral agreement and that the effect of it was

to create a partnership for a period of five years. Defendants, while conceding that the writing stated substantially the terms of their oral agreement with Brockman, contended that the contract was one of employment for a period of five years, that it did not create a partnership relation and, not being in writing, was invalid. The question submitted to the court was whether the relationship created was one of employer and employee or of partners. The court concluded that the oral agreement constituted an employment of plaintiff to render personal services. This was a correct decision. The writing so states, and there was no evidence of an oral agreement at variance with the terms of the writing. Defendants retained ownership of the land and improvements. They ran all the risk of loss. Plaintiff was to be paid a monthly salary and a share of the profits, if any, but this was only as compensation for his services. A finding that the parties were partners would have had no support in the evidence.

It was not shown whether the oral agreement was made in California or Arizona, but in either state an oral agreement of employment for a period of five years is invalid. (Cal. Civ. Code, § 1624(1); Ariz. Code, Ann. § 58-101; *Standing* v. *Morosco,* 43 Cal.App. 244 [184 P. 954]; *Waddell* v. *White,* 51 Ariz. 526 [78 P.2d 490].) Part performance did not cure the invalidity (*Long* v. *Long,* 162 Cal. 427 [122 P. 1077].)

The case was tried on the theory that the court was to determine a single issue. Plaintiff's counsel stated, "we asked for a partnership and if it is not a partnership, it is out of court. We do ask for an accounting, and ask for an injunction that has never been brought on for hearing." The court stated, "my present inclination would be to make a determination of this issue here and now" and the parties acquiesced in that procedure.

There were other issues which were not tried or submitted. These were, (1) whether under the employment contract plaintiff would be entitled to an accounting, (2) the issue of fraud as set out in plaintiff's second cause of action, and (3) the issues tendered by the cross-complaint. Although it was argued by defendants that plaintiff could not prevail under a complaint alleging he was a partner of defendants when the proof showed that he was an employee, he did not abandon his claim that he was a partner nor seek to amend his complaint. He did not offer any evidence nor request an opportunity to offer evidence upon the issue that was tried, nor evidence which might tend to support a claim that all

the terms of an agreement to employ him for five years were agreed upon and that the agreement should be held valid notwithstanding the refusal of defendants to execute a written agreement as promised, nor any other ground of estoppel of defendants to rely on the statute of frauds. The court was under no duty to consider or decide issues that were not tendered for decision.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied May 15, 1951, and appellant's petition for a hearing by the Supreme Court was denied June 18, 1951.