[Civ. No. 5892.   Fourth Dist.   Aug. 3, 1959.]

EDITH F. KOBUS, Appellant, v. SAN DIEGO TRUST AND SAVINGS BANK (a Banking Corporation), as Special Administrator, etc., et al., Respondents.

Davies & Burch and Robert B. Burch, Jr., for Appellant.

Orfield & Thompson and David H. Thompson for Respondents.

MUSSELL, Acting P. J.—This is an action to impose a constructive trust on property owned by Edward Keller during his lifetime and to enforce an alleged oral agreement to make a will. ■ The appeal herein is on the judgment roll and the question of the sufficiency of the evidence is therefore not open. (*White* v. *Jones,* 136 Cal.App.2d 567, 569 [288 P.2d 913].)

The facts as reflected by the findings are as follows: On or about August 1, 1954, plaintiff and Edward Keller entered into an oral agreement under the terms of which plaintiff, who was a practical nurse, agreed to move into the residence of said Edward Keller, do all of the housework and care for him for the rest of his life. He agreed in consideration therefor to make a will leaving to plaintiff all of his property, both real and personal, upon his death. Plaintiff fully performed her part of the agreement, moving into the decedent's residence, doing all his housework, and caring for him constantly from August 1, 1954, until his death on June 27, 1955. She received no compensation for her services during said period and Keller's income was such that he could not pay for such care in any other manner than by promising to compensate her

with his remaining property. He intended to carry out his part of the agreement and for that purpose, on October 11, 1954, executed a will, signed by witnesses, to whom he stated that he was making the will to compensate plaintiff for caring for him the rest of his life. However, the will was denied admission to probate because it was improperly executed in that Keller's signature was improperly placed on said document. Apparently, this signature was placed at the top of this instrument instead of at the end because of decedent's ignorance of the law.

Keller had previously employed plaintiff and had released her because of his inability to pay for her services. Later, he reemployed her, promising that if she would care for him the rest of his life he would give her his remaining property. His property consisted of a residence at Oceanside, California, of the approximate value of $5,000 and what remained of a $2,000 note.

The court further found that Keller suffered from cancer and had been operated upon for removal of part of his stomach but that he nevertheless might have lived for several years; that the contract was not unreasonable; that "There was no family relationship between plaintiff and Edward Keller and the contract did not contemplate the giving of companionship and love and affection, such as could not be compensated for in money; however, it is true that plaintiff rendered unusual services; that it is true that the character of the services performed by plaintiff were capable of being compensated for in money; and it is true that the situation existed where both parties realized that deceased could not pay for such services in money and had no other way to secure them." Plaintiff appeals from the judgment that she take nothing by her complaint.

The sole question on appeal is whether under the circumstances shown by the record appellant is entitled to impose a constructive trust on real and personal property as against decedent's administrator and heirs to enforce the contract with the decedent.

Section 1624, subdivision 6, of the Civil Code provides that an agreement which by its terms is not to be performed during the lifetime of the promisor, or an agreement to devise or bequeath any property, or to make any provision for any person by will, is invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent. Section 1973, subdivision

6, of the Code of Civil Procedure contains substantially the same provision.

The facts in the instant case are similar in many respects to those in *Baker* v. *Bouchard,* 122 Cal.App. 708 [10 P.2d 468]. In that case the plaintiff sought to enforce an alleged trust in a parcel of land belonging to the estate of one Robert Price, deceased. The trust was alleged to have arisen by virtue of an oral contract between the appellant and decedent whereby decedent agreed, in consideration of appellant taking up her residence in decedent's home and furnishing him necessary food and care during his declining years, that he would make a will devising to her the property in question. There, as here, there was an invalid will and it was not contended that there was any written memorandum of the agreement other than the invalid will, and, the will in that case, as here, contained no reference to the alleged agreement. It was held that the will did not constitute a sufficient memorandum to comply with the provisions of section 1624 of the Civil Code and section 1973 of the Code of Civil Procedure. (Citing *Zellner* v. *Wassman,* 184 Cal. 80 [193 P. 84].)

*Chahon* v. *Schneider,* 117 Cal.App.2d 334 [256 P.2d 54], was an action for quasi-specific performance of an oral contract to transfer certain property by will in consideration of services rendered during the lifetime of the promisor. A demurrer presenting the bar of the statute of frauds was sustained without leave to amend and this ruling was affirmed on appeal. In that case plaintiff alleged that in 1943 she made an agreement with Marcelin Berge, then 60 years of age, to take him into her home and furnish him with board, room and laundry for $40 per month. In 1946 Berge fractured his leg and was hospitalized for about six months. He then returned to plaintiff's home and there went through an additional six months of convalescence, during which plaintiff furnished him with extensive nursing care and other services. Because of the increased burden plaintiff and her husband desired to terminate the relationship, but did not do so, and agreed to continue the relationship, because Berge orally promised plaintiff that if she would continue to care for him until his death, he would compensate her in his will, in that he would leave her a certain bank account. Plaintiff agreed to permit Berge to remain and to care for him and to render said services for him upon the terms proposed by him. In making this agreement the parties did not contemplate that

the services appellant was to perform were to be compensated by the $40 per month or other pecuniary compensation. Upon the death of her husband in 1947, plaintiff decided to sell her home and discontinue her services to Berge. For these reasons, in the fall of 1948 she advised Berge he would have to find other quarters. He repeated his promise to will her the bank account, urged her not to sell, and requested her to continue caring for him. In reliance upon these promises, appellant was induced to continue to care for him until his death. Berge was again hospitalized in 1950 and while in the hospital made a will bequeathing plaintiff $1,000 and all the residue of his assets to the defendant. The court discussed the case of *Monarco* v. *Lo Greco*, 35 Cal.2d 621, 623, 624 [220 P.2d 737], where it was held that the doctrine of estoppel to assert the statute of frauds has been consistently applied by the courts of this state to prevent fraud that would result from refusal to enforce oral contracts in certain circumstances; that such fraud may inhere in the unconscionable injury that would result from denying enforcement of the contract after one party has been induced by the other seriously to change his position in reliance upon the contract [citations], or in the unjust enrichment that would result if a party who has received the benefits of the others were allowed to rely upon the statute. [Citations.] It was further stated therein that those cases which have refused to find an estoppel have been cases where the court found either that no unconscionable injury would result from refusing to enforce the oral contract [citations], or that the remedy of *quantum meruit* for services rendered was adequate. [Citations.] After discussing the Monarco case and stating the facts summarized therein, the court, in the Chahon case, said (p. 339):

"It does not appear to us that plaintiff made such a change of position or that the services she rendered were so peculiar that she could not be compensated in terms of money. Recognition of the invalidity of the contract and consequent denial of enforcement of its provisions, would neither unconscionably injure the plaintiff nor unjustly enrich the decedent, his estate, or his legatee, were plaintiff to pursue her legal remedy of recovering from the estate the reasonable value of her services, less such amount as may already have been paid her."

The court then discussed several cases dealing with the question involved and held generally that equity denies relief when the services are compensable in damages or in *quantum meruit*.

In *De Hermosillo* v. *Morales,* 146 Cal.App.2d 819 [304 P.2d 854], the court approved the ruling stated in *Walker* v. *Calloway,* 99 Cal.App.2d 675, at page 678 [222 P.2d 455], as follows:

" ' [T]he mere rendition of services is not usually such a part performance of a verbal agreement as will relieve the contract from the operation of the statute, but ''if the services are of such a peculiar character that it is impossible to estimate their value by any pecuniary standard, and it is evident that the parties did not intend to measure them by any such standard, and if the plaintiff, after the performance of the services, could not be restored to the situation in which he was before the rendition of the services, it is such a part performance of the verbal agreement as will remove the contract from the rule, and equity, where other objections are not present, will decree specific performance. But in such cases the reason for the interposition of equity is quite obvious. Plaintiff has rendered services of extraordinary and exceptional character, such service as in contemplation of the parties was not to be compensated for in money, and, as in contemplation of law, cannot be compensated for in money; therefore, by no action at law could a plaintiff be restored to his original position. It would be in the nature of a fraud upon him to deny him any relief, and, the law failing by reason of its universality, equity, to promote ,justice, makes good its imperfections. [Citations.] '' ' ''

In the instant case there was no close family relationship such as would preclude plaintiff from securing adequate compensation in money for the services which she performed in caring for Mr. Keller and the court found in this connection that there was no family relationship between plaintiff and Edward Keller and that the contract did not contemplate the giving of companionship, love and affection, such as could not be compensated for in money. These findings cannot be set aside since the appeal is on the judgment roll. Since the services here involved were compensable in damages or in *quantum meruit,* plaintiff is not entitled to the equitable relief sought. It is not contended that there was any written memorandum of the alleged agreement other than the invalid will and there is nothing in the record indicating a reference in that document to the oral agreement involved herein. The will does not constitute a sufficient memorandum to comply with the requirements of section 1624 of the Civil Code and section 1973 of the Code of Civil

Procedure. (*Baker* v. *Bouchard, supra,* 122 Cal.App. 708, 710.)

Appellant argues that the contract was a proper one to be reformed or revised and specifically enforced and relies upon Civil Code, sections 3399, 3401 and 3402. However, the purported will herein is not a contract such as is within the provisions of these sections. It is merely an instrument purporting to leave property and does not contain any reference to the oral agreement involved.

Judgment affirmed.

Shepard, J., concurred.