[Civ. No. 24848. Second Dist., Div. Three. July 10, 1961.]

DELL H. GRESSLEY, Appellant, v. BEN L. WILLIAMS et al., Defendants; HAROLD H. UTSCHIG et al., Respondents.

638

James J. Oppen and Cecil W. Collins for Appellant.

Potruch & Lerten and Erwin Lerten for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment for defendants Harold H. Utschig and Balboa Oldsmobile, a corporation, entered on the sustaining of their demurrer to the sixth amended complaint. On the sustaining of the demurrer, counsel for plaintiff stated he did not desire to further amend and the demurrer was sustained without leave.

The sixth amended complaint is in three counts. The demurrer to counts I and II was general and special. The special demurrer was on the grounds of uncertainty, ambiguity, and unintelligibility. The demurrer to count III was general. Plaintiff contends each count states facts sufficient to constitute a cause of action. Defendants assert the general demurrer was well founded and that each count is vulnerable to the special demurrer.

█ █ It appears necessary to say again what we have said repeatedly: On appeal from a judgment sustaining a de-

murrer to a complaint the allegations of the complaint must be regarded as true. The court must, in every stage of an action, disregard any defect in the pleadings which does not affect the substantial rights of the parties. (Code Civ. Proc., § 475.) Pleadings must be reasonably interpreted; they must be read as a whole and each part must be given the meaning that it derives from the context wherein it appears. All that is necessary as against a general demurrer is to plead facts entitling the plaintiff to some relief. In determining whether the complaint is sufficient as against the demurrer on the ground that it does not state facts sufficient to constitute a cause of action, the rule is that if on consideration of all the facts stated it appears the plaintiff is entitled to any relief at the hands of the court against the defendants the complaint will be held good although the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged. In passing upon the sufficiency of a pleading, its allegations must be liberally construed with a view to substantial justice between the parties. While orderly procedure demands a reasonable enforcement of the rules of pleading, the basic principle of the code system in this state is that the administration of justice shall not be embarrassed by technicalities, strict rules of construction, or useless forms. (*Hardy* v. *San Fernando Valley Chamber of Commerce,* 99 Cal.App.2d 572, 577-578 [222 P.2d 314].)

### *Count I*

Count I alleges: On March 25, 1957, plaintiff entered into an oral contract of employment with defendants. On information and belief, Utschig is the sole owner and *alter ego* of Balboa; Balboa is influenced and governed by Utschig in that Utschig controls and operates Balboa as though it were a sole proprietorship; there is such a unity of interest and ownership apparent from the manner in which Utschig operates Balboa that the individuality or separateness of Utschig and Balboa has ceased; an adherence to the fiction of separate existence of the corporation would sanction a fraud and promote injustice in that in this case Utschig represented himself to be acting in his individual capacity as well as an agent for Balboa. Plaintiff was informed by Utschig and so believes that Utschig is and at all times herein mentioned has been the owner and holder of all the issued and outstanding stock of Balboa except-

ing only shares held by his wife and son to qualify them as directors; at all times mentioned Utschig controlled the board of directors of Balboa and was the representative of and the only person interested in Balboa; the identity of the two defendants is virtually identical; notwithstanding the foregoing representations, plaintiff does not know the true state of ownership of the stock of Balboa.

Count I further alleges: At all times defendants were engaged in the business of selling automobiles at a profit and had salesmen in their employ. By the contract of employment with plaintiff, defendants agreed to employ plaintiff as an automobile sales manager at a salary of $1,000 a month plus 5 per cent commission on net profits of the business, payable monthly beginning April 1, 1957, and continuing to December 1, 1958; in consideration thereof plaintiff agreed to and did terminate his then employment, did accept the position, and did move his family, home, and residence as required by defendants. On November 30, 1957, plaintiff and defendants mutually and orally rescinded the contract of March 25, 1957. Utschig agreed to pay all accrued and unpaid commissions due under the contract of March 25, 1957. Prior to rescission plaintiff performed all the obligations, conditions, and covenants on his part to be performed. Defendants are estopped from raising the defense that the contract of March 25, 1957, is invalid under the statute of frauds. Due to the efforts of plaintiff in the performance of his duties under the contract, defendants realized a profit in the operation of the business, the amount of which is unknown to plaintiff. Defendants fail and refuse to account to and pay plaintiff commissions on the net profits of the business although requested by plaintiff so to do. It is necessary that an accounting be had in order that the amounts payable and due plaintiff be determined.

It is manifest that the contract pleaded in count I is invalid and unenforceable. An oral agreement that by its terms is not to be performed within a year from the making thereof is invalid. (Civ. Code, § 1624, subd. 1.) The contract alleged in count I by its terms was not to be performed within a year from its making. It is alleged to have been made on March 25, 1957, and it was to continue to December 1, 1958. This was more than one year from the making thereof. (*Wickson* v. *Monarch Cycle Mfg. Co.*, 128 Cal. 156, 159 [60 P. 764, 79 Am.St.Rep. 36]; *Brockman* v. *Lane*, 103 Cal.App.2d 802, 804-805 [230 P.2d 369].)

The statement that "defendant is estopped from raising

the defense that the aforesaid contract is invalid under the Statute of Frauds'' does not help the pleading. This is not an allegation of an ultimate fact. It is a conclusion of the pleader. The party pleading estoppel must allege the facts giving rise thereto, and all the essential elements must be pleaded. (18 Cal.Jur.2d, § 13, p. 412.) Nor does the allegation that plaintiff fully performed all the terms and conditions of the contract take it out of the statute of frauds.

 The mere rendition of services is not usually such a part performance of an oral contract as will relieve the contract from the operation of the statute. (*Kobus* v. *San Diego Trust & Savings Bank,* 172 Cal.App.2d 574, 579 [342 P.2d 468].)

## Count II

Count II realleges the allegations of count I with respect to *alter ego,* the fact that defendants were engaged in selling automobiles, the realization of profits, and alleges: On November 30, 1957, plaintiff and Utschig, individually and as agent of Balboa, entered into an oral contract by which plaintiff was employed as sales manager for one year at a salary of $1,000 a month plus 1 per cent of the gross profits after $35,000 a month was grossed from the sale of automobiles by defendants from December 1, 1957, to November 30, 1958, the salary and commission to be paid monthly. Another term of the contract of November 30, 1957, was that the oral contract of March 25, 1957, would be mutually rescinded, the consideration therefor being that defendants would pay plaintiff all accrued and unpaid commissions due under the contract of March 25, 1957. The salary and commission would be subject to renegotiation on November 30, 1958. In consideration of the foregoing, plaintiff agreed to work and did work for defendants as an automobile sales manager. Plaintiff duly performed and is ready and willing to perform all the terms and conditions of the contract of November 30, 1957. Defendants have failed and refused to perform their agreement in that on July 1, 1958, they wrongfully discharged plaintiff and have not paid him $6,895.22 or any part thereof although he has demanded same. Defendants have refused to pay plaintiff the 1 per cent of the gross profits from the sale of automobiles from December 1, 1957, to November 30, 1958. Plaintiff does not know the amount of gross profits but, on information and belief, alleges they exceed $50,000 a month.

In count II of the original complaint, filed March 19, 1959, plaintiff alleged that by the oral contract of November 30,

1957, defendants employed him as an automobile sales manager "on a permanent basis" at a salary of $1,000 a month plus 1 per cent of all of the gross profits after $35,000 a month was earned from the sale of automobiles from December 1, 1957, to November 30, 1958, and that in consideration of the salary and commission he agreed to work for defendants "on a permanent basis." This allegation with respect to the employment having been "on a permanent basis," made under oath, was omitted in subsequent complaints and no explanation was made for the omission. Defendants assert that since facts once alleged under oath cannot be withdrawn from consideration by merely filing an amended complaint, it must be assumed that under the contract of November 30, 1957, plaintiff's employment was to be permanent and he was to receive a certain portion of profits from the sale of automobiles from December 1, 1957, to November 30, 1958, and that, accordingly, his salary was to continue for a period longer than one year.

Facts once alleged cannot be withdrawn from consideration by merely filing an amended complaint omitting them without explanation. (*Neal* v. *Bank of America*, 93 Cal.App.2d 678, 682 [209 P.2d 825].) Accordingly, in determining defendants' demurrer, the allegations of the original complaint must be considered. (*Id.*) Thus the sixth amended complaint alleges that plaintiff's employment under the contract of November 30, 1957, was permanent.

The oral contract alleged in count II is quite different from that alleged in count I. Count II alleges the contract was made November 30, 1957, and that it was to continue from December 1, 1957, to November 30, 1958. This is a period of one year. (*Columbia Pictures Corp.* v. *DeToth*, 26 Cal.2d 753, 758-759 [161 P.2d 217, 162 A.L.R. 747].) We construe the contract of November 30, 1957, as alleged as one for a term of one year and at will thereafter. As thus alleged, the contract is not within the statute of frauds. The fact that the contract was to be on a permanent basis does not bring it within the statute of frauds. A contract for permanent employment is only a contract for an indefinite period, terminable at the will of either party unless it is based on some consideration other than the services to be rendered. (*Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34, 39 [172 P.2d 867].)

*Russell* v. *International Theatrical etc. Employes*, 66 Cal. App.2d 691 [152 P.2d 737], is in point. The court stated (p. 700): " 'It is clearly the general rule that a contract

terminable at the will of either party, in which no definite term longer than a year is agreed upon, is not within the Statute of Frauds.' (104 A.L.R. 1007, citing *Mayborne* v. *Citizens National Tr. & Sav. Bank,* 46 Cal.App. 178 [188 P. 1034].)''

The fact that the sixth amended complaint alleges the employment was on a permanent basis did not render count II vulnerable to attack on the ground the contract comes within the statute of frauds.

While the sixth amended complaint is far from a model of pleading, count II states all facts necessary for recovery. Count II is independent of count I and is a complete cause of action in itself.

We hold the contract alleged in count II is not within the statute of frauds and that that count states facts sufficient to constitute a cause of action.

### Count III

Count III realleges most of the allegations of count II and again alleges the sale of automobiles between December 1, 1957, and November 30, 1958, and that plaintiff has not received the commissions provided by the contract of November 30, 1957. Plaintiff says count II is for damages for breach of the contract of November 30, 1957, and count III is for an accounting under the same contract. On proof of the facts alleged in count II plaintiff would be entitled to an accounting.

The record does not disclose the grounds on which the demurrer was sustained. We have heretofore criticized this practice. (*James* v. *Herbert,* 149 Cal.App.2d 741, 744 [309 P.2d 91].) We have examined the specifications of uncertainty, ambiguity, and unintelligibility made below with respect to counts II and III and find them inconsequential.

A special demurrer for uncertainty will not lie as to even uncertain and ambiguous allegations if they are with respect to inconsequential matters. In such event, they are to be treated as surplusage and disregarded. (*Bacon* v. *Wahrhaftig,* 97 Cal.App.2d 599, 605 [218 P.2d 144].) A special demurrer should be overruled where the allegations of the complaint are sufficiently clear to apprise the defendant of the issues which he is to meet. (*People* v. *Lim,* 18 Cal.2d 872, 882 [118 P.2d 472].) All that is required of a complaint, even as against a special demurrer, is that it set forth the essential facts of plaintiff's case with reasonable precision and with particularity sufficiently specific to

acquaint defendant of the nature, source, and extent of the cause of action. (*Smith* v. *Kern County Land Co.*, 51 Cal.2d 205, 209 [331 P.2d 645].) ▮ While there are some uncertainties in counts II and III, they are largely matters which lie within the knowledge of defendants. A demurrer does not lie to such matters. (*Turner* v. *Milstein*, 103 Cal.App.2d 651, 658 [230 P.2d 25].) Some of the claimed uncertainties arise out of the legal effect of facts alleged. ▮ Uncertainty arising out of the legal effect of facts alleged is not a ground of demurrer. (*James* v. *Herbert*, 149 Cal.App.2d 741, 750 [309 P.2d 91].)

Reversed.

Shinn, P. J., and Ford, J., concurred.