[Civ. No. 26987.   Second Dist., Div. One.   May 2, 1963.]

WILLARD I. NESSON, Plaintiff and  Respondent, v.
ROBERT J. MOES, Defendant and Appellant.

Felix H. McGinnis for Defendant and Appellant.

Meserve, Mumper & Hughes and Richard D. Barger for
Plaintiff and Respondent.

LILLIE, J.—Plaintiff sought recovery of the balance
assertedly due on an oral agreement to render personal serv-
ices over a four-year period as an employee of, and in associ-
ation with, the defendant in the practice of medicine.   Both
parties are medical doctors.   The trial court found against
the claim that the agreement was within the statute of frauds
and unenforceable because by its terms it was impossible of
performance within a year from the making thereof.   (Civ.
Code, § 1624, subd. 1; Code Civ. Proc., § 1973, subd. 1.)   The
sole point on this appeal is the validity of such claim.

The contract was entered into on March 1, 1955.   By its
terms (not disputed) plaintiff was employed by defendant
for the balance of that year (1955) at a salary of $1,000 per
month.   For the two-year period commencing January 1, 1955,
and ending December 31, 1957, plaintiff was guaranteed an

annual salary of $12,000. In addition, defendant undertook to pay plaintiff for the years of 1956 and 1957 a sum equal to 40 per cent per year of the annual gross income of the medical practice carried on by the parties over and above the sum of $113,200; the defendant further obligated himself to pay all overhead and office expenses.

For plaintiff's services during 1956 he was paid the sum of $15,300, while for the year 1957 he was paid the sum of $15,900. For 1956 and 1957, respectively, this represented $432.85 and $3,723.04 less than the terms of the contract called for. Judgment was rendered for $4,155.89, the total of the above sums.

The trial court found (among other things) that plaintiff, in reliance upon the subject contract, became associated with the defendant in the practice of medicine for a period ending December 3, 1959, and that "nothing remained to be performed pursuant to the terms of the oral contract of March 1, 1955, with the exception of the computation of the moneys due to the Plaintiff by the Defendant for 40% of the gross annual income of the medical practice carried on by Plaintiff and Defendant for the years 1956 and 1957." From this, the conclusion of law was drawn that "The oral contract of March 1, 1955, constituted an executed oral agreement in that all that remained to be done was the computation of the moneys due and owing by Defendant to Plaintiff, pursuant to the oral contract of March 1, 1955; that as an executed oral agreement, the oral contract of March 1, 1955, was not required to be in writing within the meaning of § 1624, subd. 1 of the Civil Code, and § 1973, subd. 1 of the Code of Civil Procedure. . . ."

California recognizes the view enunciated in section 198 of the Restatement, Contracts: "Where any of the promises in a bilateral contract cannot be fully performed within a year from the time of the formation of the contract, all promises in the contract are within Class V of § 178, unless and until one party to such contract completely performs what he has promised. When there has been such complete performance, none of the promises in the contract is within Class V." Thus, it is stated in *Dutton* v. *Interstate Investment Corp.,* 19 Cal.2d 65, 70 [119 P.2d 138]: "Assuming that the agreement in the present case falls within this provision of the statute of frauds [Civ. Code, § 1624, subd. 1], the finding of the trial court that Dutton had fully performed all of his obligations under the contract operates to remove the bar of the statute [citing Rest., Contracts, § 198]." See also *Dean* v.

*Davis,* 73 Cal.App.2d 166 [166 P.2d 15], which likewise cites the restatement. In this further connection it has been observed that the above situation constitutes an exception to the law which requires compliance with certain statutory formalities. (Witkin, Summary of California Law (7th ed.) § 95, p. 103.)

Although the decision below concededly was rested on the principles of law just mentioned, defendant relies on a line of cases in all of which analogous situations were assertedly presented and in all of which a different result was reached. In *Brockman* v. *Lane,* 103 Cal.App.2d 802 [230 P.2d 369] (citing *Long* v. *Long,* 162 Cal. 427 [122 P. 1077]) and in *De Hermosillo* v. *Morales,* 146 Cal.App.2d 819 [304 P.2d 854], it was held that mere rendition of personal services is usually not such a part performance of a verbal agreement as will relieve the contract from the operation of the statute of frauds. Subsequently, in *Kobus* v. *San Diego Trust & Sav. Bank,* 172 Cal.App.2d 574 [342 P.2d 468], the holding in the *De Hermosillo* case is followed for the same conclusion. More recently, in *Gressley* v. *Williams,* 193 Cal.App.2d 636, 641 [14 Cal.Rptr. 496], the *Kobus* case is cited for the following proposition: ''The mere rendition of services is not usually such a part performance of an oral contract as will relieve a contract from the operation of the statute.''

But in all of the above cases, as the language of each opinion indicates, the court was confronted with facts evidencing only *part* performance by the employee of his end of the bargain. In our case, on the other hand, the trial court expressly found that nothing remained to be done except the computation of the sums due plaintiff for the years 1956 and 1957; and implicit in such finding is the determination that plaintiff had performed all of his obligations under the agreement.

■ As pointed out by the editors of American Law Reports, different rules are applied when there is part performance by one or both parties and complete performance by one party only. ''Generally, the mere part performance of an oral contract not to be performed within a year does not take it out of the operation of the statute of frauds. . . .'' (Note 6 A.L.R.2d 1053, 1067.) Listed among California cases recognizing this rule is *Long* v. *Long, supra,* 162 Cal. 427, which (as noted above) was cited in the *Brockman* decision.

■ The rule governing complete performance by one party is thus stated in the same annotation: ''It has been generally, though not universally, held or recognized that complete per-

formance by one party of an oral contract not to be performed within a year takes the contract out of the statute of frauds, in actions at law." (*Supra*, p. 1111.) Listed among California cases in accord with the rule just quoted is *Dean* v. *Davis, supra*, 73 Cal.App.2d 166, perhaps the principal authority said to support the judgment below.

Defendant also argues that the decision in *Ruinello* v. *Murray*, 36 Cal.2d 687 [227 P.2d 251], likewise presents an analogous situation and should be controlling here. In that case the defendant demurred to the last amended complaint (as to its predecessors) on the ground that "the oral agreement, admittedly not to be performed within one year, was within the statute of frauds." (P. 689.) The decision, however, turned on the failure to plead facts either by way of unjust enrichment or unconscionable injury which would establish an estoppel by the defendant to rely on the statute. The "complete performance by one party" theory was no part of the case, nor could it have been since the plaintiff was hired in 1945 for five years and summarily discharged in 1948. In our view, *Ruinello* is peculiarly within the area of the law relating to estoppel and is so regarded by the text writer. (1 Witkin, Summary of Cal. Law (7th ed.) § 114, p. 123.)

In the last analysis, we must decide whether the *Dean* decision (*supra*, 73 Cal.App.2d 166) is determinative of the present appeal. The facts as pleaded are similar to those at bar. In January of 1939 the parties entered into an agreement whereby plaintiff agreed to secure employment for the defendant with companies acceptable to the latter. As consideration for such employment, plaintiff was to receive 10 per cent of all moneys and income over and above $3,250 annually earned and actually expended (for usual traveling and sales expenses) by the defendant. Plaintiff secured, and defendant accepted, certain employment during 1942 and 1943 with five different companies; in violation of the agreement, however, defendant wrongfully reported in May of 1943 that the income from such employment was less than the true amount thereof, which lesser amount was paid to plaintiff as his percentage share. In May of 1944 defendant again wrongfully reported the true amount of his income for 1943, and again the plaintiff was "shorted." Defendant by demurrer raised the bar of the statute of frauds (Civ. Code, § 1624, subd. 1); plaintiff argued that "assuming it is an oral agreement which violated the provisions of the statute of frauds, it is a fully executed agreement and therefore is not invalid by reason of said statute."

Said the court: "The statute of frauds has no application to an executed agreement. [Citation.]" The following from 49 American Jurisprudence 860 was then quoted: "To state the rule another way, where the employee has fully performed the contract on his part and there is nothing left for the other party to do but to pay the agreed compensation, the statute does not apply, and the contract may be enforced against the employer according to its terms. Such is the view of the American Law Institute [citing the Restatement, Contracts]."

While other reasons are given by the court for the result therein reached, and these further declarations are singled out by defendant as distinguishing that case from the instant one, the rule in question has so unmistakenly been spelled out in *Dean* v. *Davis*, 73 Cal.App.2d 166 [166 P.2d 15], that the present appeal must be governed thereby. Followed in the later case of *Roberts* v. *Wachter*, 104 Cal.App.2d 281 [231 P.2d 540], it is a further significant fact that the *Dean* decision has never been overruled or disapproved in the succeeding years. Indeed, as noted earlier, it has been cited as an exception to the general rule requiring compliance with the statutory formalities found in the applicable law. (1 Witkin, Summary of Cal. Law (7th ed.) § 97, p. 105.) See also 23 California Jurisprudence 2d, Statute of Frauds, section 10, page 252. The above observations also dispose of the argument that defendant's authorities were all decided between 1948 and 1961 while those relied on by plaintiff, with the exception of the *Roberts* case, were all decided between 1873 and 1946. In this connection, however, see Williston on Contracts (3d ed. 1960), section 528, page 736: "There is considerable authority for the view that the provision of the Statute relative to contracts not to be performed within one year has no application to agreements which have been fully and completely performed by one of the parties."

For the foregoing reasons, the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.