66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elliot KLEIN, Plaintiff-Appellant,
v.
DOMINOS PIZZA INC., Defendant-Appellee.
 No. 94-55471.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 11, 1995.
Decided Sept. 1, 1995.
 
 Before: THOMPSON, LEAVY AND TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Elliot Klein appeals the district court's grant of summary judgment in favor of Domino's Pizza Inc. (DPI) in a diversity action alleging that DPI improperly refused to grant him a franchise. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Klein argues that Domino's breached an alleged oral contract with Klein by refusing to grant him a franchise. Assuming arguendo that an oral contract between Domino's and Klein existed, we conclude that such a contract is unenforceable under the statute of frauds. The statute of frauds was created so that no "contract" would be enforced that was in fact never made. The California Civil Code section 1624(a) states that "An agreement that by its terms cannot be performed within a year from the making thereof [is] ... invalid unless [the agreement], note or memorandum is in writing and subscribed to the party to be charged or by his agent." Cal.Civ.Code Sec. 1624(a). The California Supreme Court has ruled the applicability of the statute of frauds must be analyzed prospectively, based on the intentions of the parties and the terms of the agreement at the time it is made. Foley v. Interactive Data Corp., 765 P.2d 373, 383 n. 18 (Cal.1988).
 
 
 4
 Klein worked for a DPI franchise for six months from the end of January, 1985 to the end of July, 1985 in Lindenhurst, New York; for four months from August 9, 1985 through November 3, 1985 in Carson City, Nevada; and for four months from October 31, 1986 to February 1987 in Pasadena, California. The record is clear: the contract alleged by Klein could not be fully performed within a year as Klein understood the agreement. Eligibility for a franchise required one year's experience as a manager. Klein's own testimony supports the district court's correct conclusion that the alleged contract was invalid under section 1624(a) of the California Civil Code. Without further evidence or writings the alleged contract is unenforceable under the statute of frauds.
 
 II
 
 5
 Klein contends that the statute of frauds is inapplicable in the instant case because he fully performed the contract. When a contract is fully performed by one party, the contract is taken out of the statute of frauds, and the performing party may enforce the contract against the other. Nesson v. Moes, 215 Cal.App.2d 655, 657-58 (1963). Assuming arguendo that an oral contract existed, the record clearly shows Klein never fully performed the contract. Therefore, we conclude the district court correctly ruled that the partial performance of Klein does not exempt the alleged oral contract from the statute of frauds.
 
 III
 
 6
 Alternatively, Klein argues that the alleged oral contract satisfies the statute of frauds because it is evidenced by (1) a newspaper inviting prospective managers to apply and (2) inter company memorandums detailing the franchise application process. We disagree. The writings are not reasonably certain as to the parties of the contract because the advertisement, the memorandum regarding the criteria for granting franchises, and the memorandum to DPI counsel never mention Klein nor a franchise which would be granted to Klein. We hold that the district court correctly ruled that the writings provided by Klein are insufficient as a matter of law to satisfy the statute of frauds or to amount to a contract.
 
 
 7
 Moreover, even if the newspaper ad was sufficient to show the existence of a contract, the contract would be void under section 1598 of the California Civil Code. Section 1598 provides that "where a contract has but a single objective and such objective is ... so vaguely expressed as to be wholly unascertainable, the entire contract is void." Cal.Civ.Code Sec. 1598. In addition, the newspaper ad does not mention the prospective location for the franchise, which would seem to be extremely necessary for a franchise contract. The newspaper ad is mere "puffing" which should not be considered sufficient to reflect contractual import. Therefore, even if Klein's evidence of writings satisfied the statute of frauds, the writings would not be sufficiently clear to be enforceable under section 1598.
 
 IV
 
 8
 Klein next contends that he has suffered an unconscionable injury, and therefore, DPI should be estopped from asserting the statute of frauds as a defense. A party may be estopped from asserting the statute of frauds as a defense where it would result in unconscionable injury to the plaintiff or unjust enrichment to the defendant. Munoz v. Kaiser Steel Corp., 156 Cal.App.2d 965, 972 (1989). To prove unconscionable injury the plaintiff must set forth his rights given up under a contract and show that they were so valuable that unconscionable injury would result from refusing to enforce the contract. Id. Klein has not proven any injury or loss of rights resulting from the acceptance of the DPI contract. Klein's lost management opportunities consist of an unrealized chance to become a manager at Taco Bell. We conclude that Klein was not unconscionably injured by his "acceptance" of the alleged oral contract. Therefore DPI is not estopped from asserting the statute of frauds as a defense to an oral contract.
 
 
 9
 We conclude the district court correctly ruled Klein's claim that DPI breached an oral contract to grant him a franchise was barred by California's statute of frauds section 1624(a).
 
 V
 
 10
 Klein contends the district court erred in granting summary judgment in favor of DPI on his misrepresentation claim. A requisite element of a misrepresentation claim is an intent to mislead. Cal.Civ.Code Sec. 1710(4). If plaintiff adduces no further evidence of fraudulent intent than proof of nonperformance of an oral promise he will never reach a jury." Tarmann v. State Farm Mutual Auto Review Ins. Co., 2 Cal.App.4th 153, at 159 (1991). Klein failed to offer any evidence that DPI intended to mislead him under California Civil Code Sec. 1710(4). In his deposition, he conceded that the only evidence of DPI's intent to mislead was its refusal to grant him a franchise. We conclude that because Klein has not produced sufficient material evidence of DPI's intent to deceive to create a genuine issue of material fact, his claim is invalid as a matter of law. To find fraud on this evidence would require raw speculation. The district court properly granted summary judgment in favor of DPI on Klein's fraud claim.
 
 VI
 
 11
 Finally, Klein argues that the district court erred in granting summary judgment in favor of DPI on his claim of negligent misrepresentation. Negligent misrepresentation claims address past or existing material facts. Claims based on future or promised acts are false promise claims. Tarmann at 158 (1991). Therefore, Klein's negligent misrepresentation claim is actually a claim for a negligent false promise. The negligent false promise claim is explicitly barred as a matter of law. Id. at 159. The California court of appeals explicitly declined to make a negligent false promise a type of actionable deceit. Id. at 159.
 
 
 12
 We conclude the district court properly ruled that as a matter of law, Klein could not proceed with his negligent misrepresentation claim as a false promise claim.
 
 VII
 
 13
 Because the alleged oral contract is unenforceable under the statute of frauds, we need not reach the "after acquired" evidence issue.
 
 CONCLUSION
 
 14
 Because the oral contract is unenforceable under the statute of frauds and the fraud claims lack any proof of intent, the district court's grant of summary judgment in favor of DPI is affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3